DONIPHAN LUMBER COMPANY *v.* REID.

Opinion delivered February 18, 1907.

1. TAX TITLE—PRESUMPTION.—A deed of forfeited land executed by the State Land Commissioner is *prima facie* valid. (Page 33.)

2. SAME—PRESUMPTION AS TO COUNTY TAX.—As a county, under Const. 1874, art. 16, § 9, may levy a county tax not to exceed five mills for county purposes, and an additional tax of five mills to pay indebted-

ness existing at the ratification of the Constitution, a tax forfeiture for a county tax not exceeding ten mills will be presumed to be valid. (Page 33.)

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor; reversed.

### STATEMENT BY THE COURT.

This suit was brought by appellees, the only heirs of E. O. Reid, to quiet title to a tract of land in Cleburne County. The appellees in their complaint deraigned title from the United States to one Fuller, from Fuller to Barnard, and from Barnard to E. O. Reid, the ancestor of appellees. They alleged that appellant claimed title by virtue of a sale of the land for the taxes of 1874 and 1875, and alleged that the sale and deed thereunder were void for various reasons, one of them being "that county taxes exceeding the constitutional limit" for 1875 was charged against the land, and for which the land was forfeited and sold.

The appellant claimed title from the State to one Ward, and from Ward to appellant; denied appellees' title; set up that appellees were barred by laches and limitations; exhibited its deeds from the State to Ward and from Ward to appellant, also certified copies of the record pertaining to the forfeiture and sale of the land for taxes of 1873, 1874 and 1875, when the land was in Independence County before Cleburne was created, when the land became a part of Cleburne.

Appellant asked that appellees' complaint be dismissed for want of equity, and that its own title be quieted and for general relief, etc.

A certified record was introduced, showing that the land was sold for the taxes of 1875, that the value was $160, and that the amount of the county taxes for which it sold was $1.12.

The cause was submitted on the complaint and exhibits, demurrer, exceptions, answer and exhibits, and the certificate from the county clerk of Independence County. The court found that the county tax for 1875, for which the land was sold, was in excess of the constitutional limit for such purpose, and cancelled the deed from the State to Ward and from Ward to the defendant, and the defendant appealed.

*J. H. Harrod,* for appellant.

*W. L. Thompson,* for appellees.

WOOD, J., (after stating the facts.) The court erred in finding that the county tax of $1.12 for which the land was sold exceeded the constitutional limit, and in cancelling appellant's deeds for that reason. Sec. 9, art. 16, Const. 1874, provides: "No county shall levy a tax to exceed one half of one per cent. for all purposes, but may levy an additional one half of one per cent. to pay indebtedness existing at the ratification of this Constitution." The burden was upon appellees. *Cracraft* v. *Meyer,* 76 Ark. 450. They did not sustain it by merely showing that the land was assessed at $160, and was taxed for county purposes $1.12, and sold for such sum. A part of that tax may have been for old indebtedness. The presumption is that the officers did their duty, and did not sell the lands for an illegal exaction, *Cracraft* v. *Meyer, supra.* There is nothing in the record to overcome this presumption. The proof falls short of it.

The other defects alleged in the complaint to avoid appellant's deeds, we assume, were abandoned, as no proof was offered' to sustain them.

The decree for the error indicated is reversed, and the cause is remanded with directions to enter a decree dismissing appellees' complaint for want of equity.