### ALLEN v. PHILLIPS.

Opinion delivered July 13, 1908.

1. EJECTMENT—TITLE.—A plaintiff in ejectment must rely upon his own title, and not upon the weakness of the title of his adversary. (Page 189.)

2. COMMISSIONER'S DEED—PRESUMPTION—REBUTTAL.—A deed from the Commissioner of State Lands purporting to convey land sold to the State under an overdue tax decree is *prima facie* evidence of title; but this presumption may be overcome by showing that the sale to the State was never confirmed by the court, and that therefore no title passed to the State under such sale. (Page 189.)

3. JUDICIAL SALE—CONFIRMATION.—Where the records of the chancery court are produced which should show that a chancery sale was confirmed, if it was confirmed, and they fail to show such fact, it will be taken that the sale was never confirmed. (Page 190.)

Appeal from Cleburne Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellant sued appellee at law to recover possession of the northeast quarter of section 34, township 9 north, range 9 west, in Cleburne County, Arkansas. Appellant deraigned title from the State through a deed from the Commissioner of State Lands to one J. W. Lewellen, and from Lewellen to him. The deed of the State Land Commissioner to Lewellen, filed with the complaint as "Exhibit A," recites that the land in question was sold to the State of Arkansas under a decree rendered by the Van Buren Chancery Court under the overdue tax law, which sale was certified to the clerk of Van Buren County by the commissioner of said court and duly certified by the clerk to the State Land Commissioner, and that the time of redemption had expired. It further recited a consideration of $400. The deed

from Lewellen to plaintiff, a copy of which was filed as "Exhibit B," was a warranty deed showing a consideration of $5,000.

The appellee answered, deraigning his title also from the State, through one Jesse Russell, who was the sole heir of Martha Russell, who, it is alleged, held under a donation deed. Appellee tenders in his answer this deed as "Exhibit A." Appellee set up that the donation deed to Martha Russell had been lost or destroyed, and in lieu of this deed exhibited a duly certified transcript of a portion of the record of sales and donations in the office of the Commissioner of State Lands, which he designates as "Exhibit B." The appellee, in his answer, denied that appellant was the owner of the land in question, and denied that the State was the owner of the land at the time of her deed to Lewellen, and denied that appellee was in the wrongful possession, etc.

Appellant, to maintain the issues on his part, introduced in evidence the deed of the Commissioner of State Lands and of Lewellen, which he had made an exhibit.

The appellee introduced in evidence a certified copy of a portion of the record of the Commissioner of State Lands showing the donation on September 6, 1872, by Martha Louisa Russell of the land in controversy. Appellee then introduced J. A. Thomas, who testified as follows:

"I am the circuit clerk of Van Buren County, and as such have charge of the records of the chancery court, which contain the record entries in the overdue tax proceedings had in that county in 1882 and 1884. I have the records of that court before me from 1860 to the present time, and have examined the same for the purpose of seeing whether or not there is any order on these records confirming the sale of this land at overdue tax sale. Have also examined the papers on file in my office, and failed to find either the complaint or commissioner's report of the sale of the same. I find a record of the warning order against the northeast quarter of section 34, township 9 north, range 9 west; also entry of an order *pro confesso,* and the entry of a decree condemning this land to be sold; but I find no confirmation of sales under the overdue tax proceedings embracing the numbers of this land. I find confirmation

of sales under the overdue tax proceedings, which contain no numbers of lands, but they seem to refer to reports of commissioners, which did not include this particular tract."

The appellee then adduced evidence tending to prove that he had been in possession of the land since the 28th of July, 1903, exercising acts of ownership over it. A house was built on the land, and was occupied by tenants of appellee, who worked at his mill. Appellee testified that usually when one tenant moved out another moved in. There was evidence in rebuttal to show that the house had only been occupied at intervals by hands who were working at appellee's mill and while they were cutting the timber from the land. One witness testified that appellee told him that he knew, just before or about the time he began cutting the timber on the land in controversy, of appellant's claiming title thereto.

The court gave instructions, to which there was no objection, telling the jury that the burden of proof was on appellant to show that he was the owner and entitled to the possession of the land in controversy, and that the deeds from the Commissioner of State Lands to Lewellen and from Lewellen to appellant were *prima facie* evidence of title in appellant. Also over the objection of appellant gave the following:

"The court further instructs you that, while the deeds above referred to show a *prima facie* title in the plaintiff, still you should find for the defendant if you should find from a preponderance of the evidence that the sale of the land to the State by the commissioner of the chancery court of Van Buren County, was never confirmed by said chancery court."

The court, among other prayers for instructions, refused the following:

"If the jury believe from the evidence that the plaintiff has proved by a preponderance of the evidence that he holds title to the land in controversy by a *prima facie* perfect title, which has been recorded, you must find for the plaintiff, J. H. Allen.

"You are instructed that in ordinary tax sales objections may be made to the proceedings leading to the sale in a cause of this character, but when the State acquires title by virtue of a sale under the decree of a chancery court, as appears in the State deed produced in this cause, the same cannot be assailed in a collateral way, or in this proceeding."

"You are instructed that ordinarily possession of land raises a presumption of a lawful holding; but if you find from the evidence that the defendant knew of the plaintiff's title or claim, you must further find that said defendant has a better title than the plaintiff has proved in this cause before you are warranted in bringing a verdict for defendant."

The verdict and judgment were for appellee, and this appeal followed.

*Moore, Smith & Moore* and *Mitchell & Thompson,* for appellant.

1. The court erred in permitting defendant to introduce evidence attacking the validity of the State's title to the land acquired by virtue of the sale under the overdue tax proceeding, and also in instructing the jury that they should find for the defendant if they found from a preponderance of the evidence that the sale to the State in the overdue tax proceeding was not confirmed. The validity of the proceeding under which the State acquired title could not be attacked collaterally except for want of jurisdiction of the court over the subject-matter, or the parties. The commissioner's deed was *prima facie* evidence of title in appellant. 76 Ark. 450. The clerk's evidence that the records of the county did not show a confirmation of the sale was not such evidence as overcame the presumption that all things necessary to vest legal title in the State were done. 49 Ark. 275.

2. Appellee has in no way connected himself with the original owner of the land at the time of the forfeiture, nor has he shown color of title in himself so as to acquire title by adverse possession. The evidence of his acts shows him to be a mere trespasser. 75 Ark. 415; 69 Ark. 425.

3. It was error to admit in evidence the certificate transcribed from the land office showing a donation by Martha Louise Russell, because (1) the appellee did not connect himself in anyway in ownership by mesne conveyances with the donee, and (2) he made no proof that the donation deed to her had been lost or destroyed. The transcript from the land office was only secondary evidence, and no foundation was laid for its introduction. 75 Ark. 423; 76 Ark. 400.

*J. O. Johnston,* for; appellee.

1. Appellee was in possession, as shown by the pleadings and proof, and was presumed to be the owner or the tenant of the owner. 80 Ark. 34. Upon a *prima facie* showing of title in appellant being made by the introduction of the commissioner's deed, the burden of proof shifted to appellee, and he had the right to introduce evidence to show that the overdue tax sale had never been confirmed, which was "one of the prerequisites in appellant's title which had been omitted (75 Ark. 450), and, instead of the State being the owner of the title at the time it made deed to Lewellen, it was in the attitude of a bidder whose bid had not been accepted. 53 Ark. 445.

2. It is alleged in the complaint and admitted in the answer that appellee is in possession of the land in controversy; hence it is not material whether his possession rests in fitful and disconnected acts of ownership or not, his possession cannot now be questioned. In order to maintain trespass, one must show title or possession at the time the trespass was committed. 85 Ark. 208.

3. Appellee's evidence is sufficient to overthrow the *prima facie title* shown by the State deed. Unlike the case cited by appellant, 49 Ark. 275, the clerk in this case brought into court all the records of the chancery court of Van Buren County from 1860 to the present time, and testified that he examined them and that they contained no order of confirmation of sale of these lands. No evidence was lost. If an order of confirmation had ever been made, it would have been approved on the record.

WOOD, J. (after stating the facts.) The pleadings and the evidence warrant a finding that appellee was not a trespasser upon the land in controversy, holding same casually and temporarily, but that he was in possession under a *bona fide* claim of title. Whether he was in fact the true owner was immaterial for the purposes of this case, for this possession under the circumstances cast upon the appellant the burden of proving title in himself; he could not rely upon the weakness of the title of his adversary. *Cook* v. *Ziff Colored Masonic Lodge,* 80 Ark. 31.

The deed of the Commissioner of State Lands upon which appellant relied was *prima facie* evidence of title in him. But

it was no more than this (*Cracraft* v. *Meyer*, 76 Ark. 450), and appellee has overcome the *prima facie* title by showing that the sale of the land in controversy was never confirmed by the court, and therefore no title passed to the State under such sale. *Neal* v. *Andrews*, 53 Ark. 445; *Neal* v. *Wideman*, 59 Ark. 5.

The proof was sufficient to show that there had been no confirmation of the overdue tax sale. All the records of the chancery court were produced that should have shown such confirmation, had it taken place, and they did not show it. This is not a case where the clerk shows that he could not find in his office certain records that might or should have contained the evidence of the confirmation, as in *Scott* v. *Mills*, 49 Ark. 266 at page 276. But here the records are all in existence, and all produced, as the proof affirmatively shows, and they do not show that the sale was confirmed. This is evidence, and the only evidence that could be adduced, showing that the sale was not confirmed. The purpose of the court records is to preserve a memorial and be the evidence of the proceedings had by the court. 2 Chit. Bl. Comm. 264; 4 Words and Phrases Judicially Defined, 3866.

We find no error in the instructions of the court, and the verdict was sustained by the evidence. The judgment is right. Affirmed.