## MANEY *v.* BURKE.

### Opinion delivered October 25, 1909.

1. PUBLIC LANDS—PRESUMPTION.—A deed of the Commissioner of State Lands purporting to convey lands is *prima facie* evidence of title. (Page 87.)

2. EJECTMENT—TITLE OF PLAINTIFF.—A plaintiff in ejectment must rely upon the strength of his own title, and not upon the weakness of his adversary's. (Page 87.)

3. SAME—OWNERSHIP—PAYMENT OF TAXES.—Proof that certain land was assessed for a particular year and the taxes paid in the name of a certain person is insufficient to prove that such person owned the land. (Page 87.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*R. W. Nicholls* and *W. G. Dinning,* for appellant.

1. The court erred in directing a verdict for plaintiff. In ejectment against a defendant in possession under a donation deed, plaintiff must prove perfect title in himself, thus overcoming the *prima facie* title in defendant. 40 L. R. A. 825; 28 *Id.* 612; 38 Ark. 181.

2. A decree in a personal action binds only parties to the suit. 77 Ark. 477; Kirby's Dig., § 6321; 38 Ark. 192; 35 *Id.*

450; 61 *Id.* 464; 66 *Id.* 305; 60 *Id.* 374; 17 A. & E. Enc. Law 1010; 75 Ark. 1; 130 U. S. 493; 60 Ark. 364; 28 S. W. 332.

3. Plaintiff must recover on the strength of his own title. 47 Ark. 413; 77 Ark. 244; 80 Ark. 31.

4. Payment of taxes on and assessment of the land in a person's name is no evidence of title.

*Bevens & Mundt,* and *James H. Stevenson,* for appellee.

1. Only an undivided half interest in the land passed to appellee under the commissioner's deed; the other half remaining in appellee.

2. The parties deraign title from a common source, and it was unnecessary to deraign title further back than was shown. 41 Ark. 17; 44 *Id.* 517.

3. The State, in the overdue tax suit, took simply the title of the owner of the land forfeited. Jackson & Company preserved their title intact until 1890, when Cage purchased their title and conveyed to appellee.

HART, J. Luke Maney is in possession of a certain tract of land in Phillips County, Arkansas, under a deed from the State Land Commissioner for the nonpayment of taxes. His deed is dated October 14, 1899. He has been in possession of the land since his deed was executed, and has cleared a part of it, and placed valuable improvements on it.

R. C. Burke brought suit in ejectment against him in the Phillips Circuit Court to recover the land. The suit was commenced October 3, 1901. The statement of facts is as follows:

In 1889 the Cotton Belt Levee District instituted suit in the Phillips Chancery Court against the Jacks Real Estate Company for the purpose of enforcing its lien for unpaid levee taxes, and obtained judgment against it upon personal service for the amount of the unpaid levee taxes. In default of the payment thereof the commissioner of the chancery court was directed to sell among other lands the undivided one-half of the southwest quarter of section 29, township 3 south, range 4 east, in Phillips County, Arkansas, for the purpose of satisfying said indebtedness. Pursuant to the directions of said decree the lands were sold, and H. H. Cage became the purchaser. The sale was duly reported and confirmed by the court at its November term, 1889. On July 10, 1897, Cage conveyed the lands to R. C.

Burke. The record shows that the undivided one-half of said section 29 was sold to the State of Arkansas on January 29, 1883, under a decree of the Phillips Chancery Court in what is generally known as the overdue tax proceedings.

The record also shows that the undivided one-half of said section 29 was sold at delinquent tax sale on April 14, 1884, to the State for the nonpayment of the taxes for 1883. The record also shows that on the 14th day of October, 1899, the Commissioner of State Lands executed a deed to Luke Maney to lands described as follows:

"Parts of section, und. half southwest quarter, section 29, township 3 south, range 4 east, 80 acres, year forfeited, 1883.

"Parts of section, und. half southwest quarter, section 29, township 3 south, range 4 east, 80 acres, sold to State at overdue tax sale January 29, 1883."

The tax records for 1883 shows that the whole of the southwest quarter of said section 29 was assessed in the name of Jacks & Company, and that in the margin where is usually marked paid, was marked "und. ½." The tax books for 1886 shows an undivided one-half paid on by Jacks & Company, and one-half undivided left to the State. It is the same for the years 1887-88-89 and 1890, except it was paid on by the Jacks Real Estate Company.

The court instructed the jury that the title to the lands in controversy was in the plaintiff Burke, and directed a verdict for him for the recovery of the land, which was accordingly done. The case is here on appeal, and counsel for Maney predicates error upon the action of the court in giving a peremptory instruction in favor of Burke.

The deed of the Commissioner of State Lands conveyed the whole of the southwest quarter of section 29 to Maney. The description as given in the deed is copied in the statement of facts. It shows that an undivided one-half of the southwest quarter of said section 29 was sold to the State at overdue tax sale on January 29, 1883, and an undivided one-half of the southwest quarter of said section 29 was forfeited to the State for the nonpayment of the taxes of 1883. The description contained in the deed shows that the forfeiture for nonpayment of taxes occurred in different years. That being so, *prima facie* the title to the whole

quarter section passed to the State, and the deed of the Land Commissioner in like manner conveyed the whole quarter section to Maney. The deed of the Land Commissioner, describing an undivided one-half as forfeited for the nonpayment of taxes for 1883 and an undivided one-half as sold to the State under overdue tax proceedings for a different year, shows that the whole of the southwest quarter of said section 29, and not an undivided half thereof, was intended to be conveyed.

The deed of the Commissioner of State Lands to Maney was *prima facie* evidence of title in him. *Allen* v. *Phillips,* 87 Ark. 185; *Cracraft* v. *Meyer,* 76 Ark. 450; *Doniphan Lumber Co.* v. *Reed,* 82 Ark. 31. It is well settled in this State that a plaintiff in ejectment must rely upon his own title. *Allen* v. *Phillips, supra.* This rule has been announced so frequently by this court that there is no need for a further citation of authority to support it. Hence Burke to recover must not only overcome this *prima facie* title in Maney but must show title in himself.

The levee foreclosure, under which he claims title, as far as the record of that proceeding is shown herein, was not a proceeding *in rem* against the land, but was an adversary proceeding against the Jacks Real Estate Company to recover the levee taxes, and in default of their payment to have a lien therefor declared upon the land. It is contended by counsel for Burke that the forfeiture to the State at delinquent tax sale in 1884 for the nonpayment of the taxes of 1883 was void because the land was assessed in the name of Jacks & Company or the Jacks Real Estate Company, and that the taxes were paid by that company. Proof that the lands were assessed for taxes, and that the taxes were paid by that company for 1883, is not sufficient to establish ownership in that company at the time of the forfeiture, upon which to sustain an action for the recovery of the land against one who holds the *prima facie* legal title and is in possession of the land. Taxes for general purposes are a charge upon the land, and are not against the owner. It is a matter of common knowledge that land is frequently assessed and the taxes paid in the name of another person than the owner. Hence it would be strange, indeed, to hold that proof that the land was assessed and the taxes paid in the name of one person

would be sufficient proof upon which he might base an action for the recovery of the land against one who holds the *prima facie* legal title.

We are of the opinion that the court erred in instructing the jury that the title to the land was in the plaintiff Burke, and that they should return a verdict in his favor for the recovery of the land; and for this error the judgment will be reversed and the cause remanded for a new trial.