BRASHER *v.* TAYLOR.

Opinion delivered June 30, 1913.

1. EJECTMENT—RIGHT TO BRING ACTION.—Under Kirby's Digest, § 2754, in order to bring an action of ejectment, plaintiff must show that he has title to the premises claimed and that the defendant was in possession at the time of the commencement of the action. (Page 284.)

2.  EJECTMENT—PAYMENT OF TAXES ON WILD LAND—POSSESSION.—Under
    Kirby's Digest, § 5057 (act of March 18, 1899) payment of taxes
    on wild land for seven years is equivalent to possession, and
    actual or pedal possession by defendant is not an indispensible
    prerequisite to the right of a party to bring an ejectment suit
    against him.  (Page 284.)

3.  LIMITATION OF ACTIONS—ADVERSE POSSESSION BY PAYMENT OF TAXES—
    COVERTURE.—The statute of limitation, Kirby's Digest, § 5057,
    does not run against a woman under coverture when the act was
    passed, and who continued under coverture until the commence-
    ment of the action.  (Page 286.)

4.  DEEDS—RECORD AS NOTICE.—The record of a deed which is not in
    the line of a party's title is not constructive notice to him, and
    when A., being a co-tenant of land with others, conveys all hte
    land to B., but B. did not go into actual possession of the same,
    and the other cotenants, having no knowledge of A.'s deed to B.,
    B. did not get title to the land as against the other co-tenants.
    (Page 287.)

5.  ADVERSE POSSESSION QUESTION FOR JURY.—Where one co-tenant con-
    veyed all the lands to a third party without actual or construc-
    tive notice to his co-tenants, and the remaining co-tenants neg-
    lected to pay taxes on the land for a long period of time, the
    question of the adverse possession of the purchaser as against
    the co-tenants should, in an action of ejectment, brought by the
    co-tenants, be submitted to the jury.  (Page 287.)

Appeal from Lee Circuit Court; *J. M. Jackson,*
Judge; reversed.

STATEMENT BY THE COURT.

This was an action of ejectment brought by appel-
lants against appellees on the 24th of September, 1904.
The facts are as follows:

W. A. Brasher died intestate in the year 1863, own-
ing the lands in controversy, which are situated in Lee
County, Arkansas. He left surviving him as his sole
heirs at law, A. W. Brasher, Rachel Brown, Melissa
Long, T. J. Brasher and Mrs. A. Woolridge, who were
his brothers and sisters. Rachel Brown is a married
woman, having married in 1855. Melissa Long is a
married woman and has been since 1872. Mrs. A. Wool-
ridge died intestate in 1878, leaving as her sole heirs at
law her two children, Byron Woolridge and Mattie Fruit.
Mattie Fruit is a married woman and has been since

1878. A. W. Brasher was seventy-three years old and Byron Woolridge was forty-nine years old at the time of the institution of this suit.

The lands in controversy are wild and unimproved. They are not inclosed and are not occupied. On the 8th day of May, 1873, T. J. Brasher conveyed the lands in controversy to his wife and she conveyed the same to J. T. Robertson on the 17th day of June, 1896, and the deeds were duly recorded. Solomon Friedman obtained a judgment in the Lee Circuit Court in 1874 against T. J. Brasher, and the lands in controversy were sold under execution to Solomon Friedman, who received a sheriff's deed thereto on the 31st day of October, 1876. On the 19th day of June, 1896, Solomon Friedman conveyed said lands to J. T. Robertson, and the latter in 1904 conveyed the same to J. L. Taylor and Mrs. Elizabeth Sellers, who are the defendants in this action, and the deeds were duly filed for record. A. W. Brasher, Byron Woolridge, Mattie Fruit, Rachel Brown and Melissa Long are the plaintiffs in the action. It was agreed at the trial that the defendants and those under whom they claim title have paid the taxes on said lands from the year 1867 until the time of the institution of the suit under the claim of ownership acquired under the various conveyances above mentioned.

The circuit court declared the law to be that an action of ejectment could not be maintained by plaintiffs against defendants, and rendered judgment in favor of defendants. The plaintiffs have appealed.

*Daggett & Daggett* and *P. D. McCulloch,* for appellant.

1. Payments of taxes for seven years under color of title constitutes such possession as will authorize ejectment. Sedgwick & Wait, Trial of Title to Land, § § 234-6; 7 Enc. Pl. & Pr. 264; 15 *Id.* 56; 107 Mo. 360; *Id.* 1; 9 Cal. 268; 45 Cal. 235; Kirby's Dig., § 5057; 74 Ark. 302; 81 *Id.* 302; 83 *Id.* 159; 89 *Id.* 450; 94 *Id.* 128; 95 *Id.* 6; 132 Ill. 149; 166 *Id.* 25.

2. The married women were under the disability of coverture and not barred. 94 Ark. 122, 128.

3. The possession of one tenant in common is *prima facie* the possession of all and the sole enjoyment of rents etc., does not necessarily amount to a disseizin. 99 Ark. 446.

*H. F. Roleson,* for appellees.

1. Ejectment can not be maintained for wild and unoccupied land. The actual possession must be disturbed or interfered with. 15 Cyc. 51-53-4, 56; 41 Ark. 465; 2 Wall (U. S.) 328; 68 N. W.

2. Robertson had a recorded conveyance for the whole tract. His possession was adverse and hostile from the inception of his title. Tyler on Eject. & Adv. Enjoyment, 926-7; 1 Cyc. 1078; 57 Ark. 97.

HART, J., (after stating the facts). In several of the States, by statute, actions of ejectment may be brought against persons claiming title to or any interest in real property although not in possession. Counsel for the plaintiffs, to reverse the judgment, have cited decisions under these statutes but they have no application here. Under our statutes in order to entitle the plaintiff to recover in an action of ejectment he must show that he had title to the premises claimed and that the defendant was in possession of same at the time of the commencement of the action. Kirby's Digest, § 2745.

Again, it is contended by counsel that the plaintiffs are entitled to maintain the action because the lands are wild and unimproved and the defendants and their grantors, under color of title, have paid the taxes on the same from the year 1867 to the time of the commencement of the action in 1904. In support of this contention they rely upon the act of March 18, 1899 (section 5057, Kirby's Digest), and the decisions of this court construing the same. The act provides that unimproved and unenclosed land shall be deemed and held to be in possession of the person who pays taxes thereon if he have color of title thereto. Prior to the passage of this act, the

court held that the payment of taxes and the assertion of the exclusive right to land do not constitute possession or disseize the holder of the true title. *Brown* v. *Bocquin,* 57 Ark. 97. The question of whether or not this rule has been changed by the passage of the act of 1899, above referred to, is the most serious question of law raised by this appeal, and is one that has given us the gravest concern.

In construing the act of 1899, in the case of *Towsen* v. *Denson,* 74 Ark. 302, the court held that the payment of taxes on wild and unimproved land, under color of title, constitutes possession of each successive year in which payment is made, provided, however, that such payments be continued for at least seven years in succession and not less than three years after the passage of the act. The act has been construed in subsequent decisions of the court and it has been uniformly held that the payment of taxes for the full period of time and under the conditions in the statute is equivalent to possession. It is true that in some cases, as in *Taylor* v. *Leonard,* 94 Ark. 122, the court says that the act makes the payment of taxes under the condition named in it a constructive possession, but in doing so the court evidently is using the term "constructive possession" as distinguished from actual or pedal possession; for in several cases the court speaks of the payment of taxes for the period and under the conditions prescribed by the statute as being equivalent to possession or as being possession itself.

In actions of ejectment the plaintiff can recover only upon the strength of his own title, and not upon the weakness of his adversary's. The reason is that possession is always *prima facie* evidence of title and a party can not be deprived of his possession by any person but the rightful owner who has the right of possession. *Dawson* v. *Parham,* 47 Ark. 215. This rule has been reaffirmed in many later decisions of this court. It is equally well settled that the title to real property may be settled in an action of ejectment and where the title

is put in issue by the pleadings the verdict and judgment are final and conclusive as to the title. Since this is true, and since the court has held that payment of taxes for the time and in the manner prescribed by the act of 1899, above referred to, is equivalent to possession, there is no longer any reason for holding that actual or pedal possession by the defendant is an indispensible prerequisite to the right of the plaintiff to bring an ejectment suit against him. And we hold that the holding in *Brown* v. *Bocquin,* to the effect that the payment of taxes and the assertion of the exclusive right to land do not constitute possession, has been changed by the act of 1899 under consideration.

The plaintiffs, Mattie Fruit, Melissa Long and Rachel Brown, were married women at the time the act of March 18, 1899, was passed, and their coverture continued until the commencement of this suit, therefore, their right to recover is not barred by the statute of limitations. *Deane* v. *Moore,* 105 Ark. 309, 151 S. W. 286, and cases cited; *Taylor* v. *Leonard, supra.*

A. W. Brasher and Byron Woolridge have not been under any disability and the remaining question is whether their right of recovery is barred. The parties to this suit claim title from a common source. It is true the deed of T. J. Brasher purported to convey the entire tract of land, but as he had only an undivided one-fifth interest in the land, the effect of his deed was to convey his interest. In the case of *Singer* v. *Naron,* 99 Ark. 446, the court said:

"The reason that the possession of one tenant in common is *prima facie* the possession of all, and that the sole enjoyment of the rents and profits by him does not necessarily amount to a disseizin, is because his acts are susceptible of explanation consistent with the true title. In order, therefore, for the possession of one tenant in common to be adverse to that of his cotenants, knowledge of his adverse claim must be brought home to them directly or by such notorious acts of an unequivocal character that notice may be presumed."

It is true that the deed of T. J. Brasher was recorded, but in accordance with the ruling in the case of *Singer* v. *Naron, supra,* the record of a deed which is not in the line of a party's title is not constructive notice to him. Actual possession of the land was not taken by defendants so as to bring them within the rule announced in *Parsons* v. *Sharpe,* 102 Ark. 611, where the court quoted with approval the following:

"The conveyance by one cotenant of the entire estate gives color of title; and if possession is taken, and the grantee claims title to the whole, it amounts to an ouster of the cotenants, and the possession of the grantee is adverse to them."

There is nothing in the record to show that the plaintiffs had actual knowledge that T. J. Brasher had conveyed the entire tract of land to the defendants or their predecessors in title. The fact that the plaintiffs never paid any taxes on the land and made no efforts whatever to assert their title to the land during the long period of time that the taxes were paid by the defendants and their grantors raises a strong presumption that they recognized the claim of title of the defendants and their grantors as superior to their own, or, at least, that they had abandoned any claim of their own to the land, but this is a presumption of fact and does not become a conclusive presumption of law. Therefore, we hold that under the facts as disclosed by the record the question of the adverse possession of the defendants as against the plaintiffs, A. W. Brasher and Byron Woolridge, should have been submitted to the jury. The circuit court did not attempt to pass upon this question but declared as a matter of law that an action of ejectment could not be maintained by the plaintiffs against the defendants, evidently basing his holding on the ground that because the defendants were not in actual or pedal possession of the land an action of ejectment could not be maintained against them.

It follows that the judgment must be reversed and the cause remanded for a new trial.

KIRBY, J., dissents.

McCULLOCH, C. J., disqualified and not participating.