McCoy v. Anderson.

Opinion delivered December 16, 1918.

1. QUIETING TITLE—EVIDENCE OF TITLE.—In a suit to quiet title, evidence that defendant's ancestor died in peaceable possession claiming title is a sufficient *prima facie* showing that such ancestor was seized in fee to support a suit to quiet title against a trespasser or one who cannot show a better title.

2. TRUSTS—TRUSTEE—PARTY.—In a suit to quiet title, if it is necessary to show that the beneficiary of a trust had acquired the legal title, the trustee, or his heirs if he be dead, are necessary parties.

3. TRUSTS—TITLE OF CESTUI QUE TRUST—PRESUMPTIONS.—Where the *cestui que trust* died in possession claiming title to the land as against intruders, trespassers or mere occupants, it will be presumed, in a contest between the heirs of the *cestui que trust* and a mere occupant or trespasser that the *cestui que trust* acquired the legal title before his death.

4. TRUSTS—TITLE OF TRUSTEE—ALLEGATIONS.—The allegation in defendant's cross bill that the record title was outstanding in one who, defendant claimed, held title in trust for her ancestor is not an averment that the legal title is still in the alleged trustee.

Appeal from Desha Chancery Court; *Z. T. Wood,* Chancellor; affirmed.

*F. M. Rogers,* for appellants.

1. A plaintiff in ejectment must rely upon the strength of his own title. 92 Ark. 87. The burden of proof was on appellee on filing the cross-bill. The rule is applied in suits to remove clouds or quiet title. 74 Ark. 202; 80 *Id.* 34; 87 *Id.* 185; 155 U. S. 404.

2. Appellee seeks to divest title from Lucinda Morris and acquire title on the theory that Lucinda held as trustee for her husband Anderson Morris. Trusts are of two classes, express and implied. 10 Ark. 145. But the testimony does not establish either. There was no proof

of a trust nor that Anderson Morris advanced the money. Parol evidence is inadmissible to engraft an express trust upon a deed absolute in terms. 104 Ark. 32; 110 *Id.* 389; 45 *Id.* 481; 101 *Id.* 451; 67 *Id.* 526.

3. There being no testimony that Anderson Morris advanced the purchase money the doctrine of resulting trust falls. But if proven this would not have constituted Lucinda a trustee; the law would presume a gift. 36 Ark. 389; 100 *Id.* 371; 103 *Id.* 279.

4. When Lucinda left the property in possession of Morris he became tenant at will. Upon the death of his third wife, the grandmother of appellants remained in possession and on her death appellants took possession and became tenants so Lucinda's possession was never broken. After the marriage of Anderson Morris to Ellen, grandmother of appellants, he caused the taxes to be paid in the name of Ellen. This is evidence that Morris did not claim title. Lucinda was a non-resident. The affidavit for warning order does not come within the purview of the Act of 1915 and the record is void. Act 290, Acts of 1915, p. 1081; *Willard* v. *Willard,* ms. op.

*H. H. Hays,* for appellee.

1. The only question is as to the correctness of the decree as to McCoy and Davis and since the court has found that Lucinda held as trustee for Anderson Morris, and that Mary Anderson was the grand-daughter of Anderson, in whom the title should rest, that the court's finding that the possession of Ellen Morris either as wife or widow of Anderson was not hostile or adverse to Anderson Morris or his heirs. 97 Ark. 33. Relying on this case and upon the total want of possession for a period that would ripen into title the court was correct in decreeing that Lucinda held as trustee for Anderson and that title should rest in appellee as his heir. Ellen Morris, wife and widow of Anderson, died in 1916. From that date McCoy and Davis' possession began and seven years adverse possession cannot be sustained. The title by ad-

verse possession, the only plea of appellants cannot be sustained. 97 Ark. 33.

HUMPHREYS, J.　On the 21st day of March, 1917, appellants instituted suit against appellee in the Desha Chancery Court to quiet the title in them against appellee to lots 23, 24 and 25 in block 52, in Highland Addition to the town of Arkansas City.　They alleged that Ellen Tucker Morris acquired ownership of the land by adverse possession and died seized and possessed thereof; and that they were her grandchildren and only heirs and acquired title thereto by inheritance from her.　They also alleged that appellee claimed title to the property by inheritance from Lucinda Morris, but that her claim was without right because (1) she was not her heir, and (2) Lucinda had lost her title through adverse possession of their grandmother, Ellen Tucker Morris, and themselves.

On the 14th day of April, 1917, appellee filed answer, denying appellants' claim of title and asserting title in herself.　She also filed a cross bill alleging that she inherited the property from her grandfather, Anderson Morris, who purchased it in 1903 and placed the legal title in his then wife, Lucinda, to be held in trust for him; that in 1905 Lucinda abandoned her grandfather; that on October 23, 1907, her grandfather procured a divorce from Lucinda and married Ellen Tucker, the grandmother of appellants; that, after the death of her grandfather and their grandmother, appellants asserted title and right of possession to the land.　Appellee prayed in her cross-bill that the title to said property be quieted in her as against appellants.

On the 17th day of April, 1917, the original bill was dismissed on motion of appellants.

On the 18th day of April, 1917, appellee filed an amendment to her cross-bill, alleging that Lucinda Morris held the record title to the property; that she absented herself from the State more than five years before the institution of the suit, and nothing had thereafter been heard from her; that she had no known legal heirs. Appel-

lee prayed that Lucinda Morris and her unknown heirs be made parties to her cross-bill and for warning order against them. It appeared from appellee's own evidence, taken for purposes of the trial, that Lucinda had been dead for twelve years, and the affidavit for warning order did not show that she had unknown heirs at the time of her death. Under these circumstances, Lucinda Morris could not herself have been made a party to the cross-bill and the affidavit was insufficient to support a warning order against her unknown heirs, so the case must proceed upon the theory that neither Lucinda nor her heirs have been properly brought into the suit as parties defendant.

On the 7th day of May, 1917, appellants answered the cross-bill of appellee, denying appellee's alleged title by inheritance from her grandfather, Anderson Morris, or that the legal title was conveyed to Lucinda Morris in trust for their grandfather or that Lucinda held the title to said property in trust for her grandfather; and by way of further defense, set up that they had acquired title by inheritance from Ellen Tucker Morris, their grandmother, who had herself acquired title by actual, open, notorious, adverse, hostile, and continuous possession by occupancy from the 23d day of October, 1907, until her death in June, 1916.

At the April term, 1918, the cause was submitted to the court upon the pleadings, depositions of witnesses, decree of divorce in favor of Anderson Morris against Lucinda Morris, the marriage license of Anderson Morris to Ellen Tucker, and the deed to said property from C. A. Lacy to Lucinda Morris, of date July 8, 1903. The court found that the legal title was conveyed on the 9th day of July, 1903, to Lucinda Morris in trust for Anderson Morris; that appellee was the grand-daughter and only heir of said Anderson Morris; and, by decree, divested all title, or apparent title, out of Lucinda Morris and her unknown heirs, and vested same in appellee. The court further found that Ellen Tucker Morris, grandmother of appellants, never acquired adverse possession of said property and that appellants had no interest in the

lots by inheritance from her, and, by decree, quieted the title in appellee as against said appellants. From the findings made and decree rendered by the court, appellants have prosecuted an appeal to this court, and the cause is now before us for trial *de novo*.

The evidence, in substance, is as follows: Mary Anderson is a granddaughter and only heir of Anderson Morris. On July 8, 1903, C. A. Lacy conveyed the lots in question to Lucinda Morris. Anderson Morris and his wife, Lucinda, were both present at the time the conveyance was made. Fifty dollars of the consideration was paid in cash by Lucinda, who took the money out of an old soiled handkerchief, and counted it out to Lacy. The balance of the purchase price was secured by a vendor's lien and was afterwards paid. The evidence is silent as to who made the last payment. Nothing was said, at the time of the execution of the deed to C. A. Lacy to the effect that Lucinda was buying the property as trustee for Anderson Morris. Prior to the purchase of the land, Anderson Morris and Lucinda Morris worked together. He could not count money and he took her around town, when they were selling vegetables and chickens, for the purpose of counting and carrying his money. When the land was being purchased, Anderson and Lucinda Morris talked concerning the purchase thereof to Lou Price, who stated that "Anderson said he was going to buy and deed it to his wife so she could hold it for him." After the purchase of the property, Lucinda said to her on many occasions that she was holding it for Anderson. In the year 1905, Lucinda abandoned Anderson and went to Oklahoma. She died about twelve years before the institution of the suit and left no known heirs. Anderson remained in possession of the land. On the 23rd day of October, 1907, he procured a divorce from Lucinda and married Ellen Tucker, the grandmother of appellants. After his marriage to Ellen Tucker, he remained in possession of the land, claiming title thereto, until his death, in the fall of the year 1914. It seems that the taxes were paid by Anderson Morris until 1907 in the name of his second wife,

Lucinda, and after that time, until his death, paid by him in the name of his third wife, Ellen Tucker. After his death, Ellen Tucker remained in possession of the land until her death in June, 1916, and paid the taxes thereon during that time. After her death, appellants took possession and paid the taxes on the property.

It will be observed from the summary of the evidence thus stated there is nothing from which an inference can be drawn that Ellen Tucker Morris ever asserted any claim in the property independent of her marital rights therein. At the time she married Anderson Morris, in 1907, he was in possession of the property, claiming title thereto, and she resided thereon with him as his wife, and, after his death, continued to occupy the property as his widow until her death. She did not pay the taxes herself until after the death of her husband. It is true the taxes were paid in her name by her husband, but this was due, according to the evidence, to a custom of his, and not to any recognition on his part that his wife was claiming either adversely to him or to his trustee, Lucinda Morris. The undisputed evidence shows that Anderson Morris died in 1914, claiming title, and that he owned at that time at least the beneficial interest in the land, if not both the beneficial interest and the legal title thereto. Ellen Tucker Morris' right expired as widow of Anderson Morris upon her death, and the entry and claim of appellants by inheritance from her, placed them in no better position than that of mere trespassers, for their actual occupancy had existed only about one year when this suit was instituted.

Appellants contend that appellee must recover on the strength of her own and not the weakness of their title. We think the undisputed proof in this case shows that Anderson Morris died in the fall of the year 1914, in possession of the property, claiming title thereto. The proof that appellee's ancestor died in peaceable possession, claiming title, sufficiently established the right to recover on the strength of her own title, as against a trespasser, intruder or mere occupant. Proof that one's ancestor,

through whom he claims real estate, died in actual possession of said real estate, is a *prima facie* showing that the ancestor was seized in fee. Such proof will establish title of sufficient strength in the ancestor to support a suit by his heirs either in ejectment or to quiet their title as against one who can not show a better title. *Ferguson* v. *Peden,* 33 Ark. 150; *Carnell* v. *Wilson,* 21 Ark. 62; *Jacks* v. *Dyer,* 31 Ark. 334; *Nicklace* v. *Dickerson,* 65 Ark. 422; *Foster* v. *Elledge,* 106 Ark. 342.

Appellants insist that, in order for appellee to recover on the strength of her own title, it was necessary for her to show that the property was held by Lucinda Morris in trust for Anderson Morris and that Anderson Morris acquired the legal title from her before his death. If appellee's right to recover depended upon the determination of the issue as to whether the property was held in trust by Lucinda Morris, then the decree would be erroneous, because Lucinda and her unknown heirs would have been necessary parties in that event and were not properly made parties to the bill. But we have only considered the evidence as to whether there was a resulting trust in favor of Anderson Morris under the facts in this case in order to ascertain whether he held the beneficial interest in the property, and not for the purpose of adjudicating whether the property was held in trust by Lucinda. The weight of the evidence showed that Lucinda held the property for him. This cause then is one of the *cestui* dying in possession, claiming title thereto as against intruders, trespassers, or mere occupants. Every presumption must be indulged in favor of his title. It must be presumed in a contest between him, or his representatives, and a trespasser, or mere occupant, that he had, prior to his death, acquired the legal title from his trustee. The allegation in the cross-complaint that the record title was outstanding in Lucinda did not necessarily mean that the legal title was still in her. This allegation had reference to the title as it appeared in the recorder's office. This finding could not, and should not,

bind Lucinda and her unknown heirs, because they have not been properly served with process.

For the reasons assigned, the decree quieting title to said real estate in appellee against appellants is affirmed.