JACKSON v. GREGORY.

4-7655                                    187 S. W. 2d 547

Opinion delivered May 21, 1945.

*Henry Stevens* and *A. R. Cheatham,* for appellant.

*R. T. Boulware,* for appellee.

ROBINS, J. Appellant instituted this suit against appellees, who are her half brothers and half sisters, in the chancery court, alleging that she was the owner of eighty acres in Columbia county, Arkansas, by inheritance, as the only child, from her mother, Georgia Cheatham Gregory, who had acquired it by deed from John Cheatham, the father of appellant's mother. Appellant alleged in her complaint that appellees were claiming some interest in the land, and she prayed that her title be quieted.

Appellees filed demurrer, which was treated by the court as a motion to transfer to the circuit court, and the court entered an order transferring the suit to circuit court. Appellees in their pleadings asserted title by virtue of the will of their father, J. A. Gregory, under which their half sister, the appellant, received a bequest of only $5, and all lands owned by their father were devised to appellees. They further alleged that the said J. A. Gregory bought the land involved herein from Laura Chisolm, who conveyed it to J. A. Gregory by deed dated August 8, 1885, which was filed for record on June 1, 1923, and recorded in deed record Z-4, page 46.

Appellant did not introduce in evidence any deed showing conveyance of the land either to her grandfather, John Cheatham, or to herself, and offered no testimony to show that any such deed was ever executed, nor did she prove that either John Cheatham, or appel-

lant, ever was in possession of the land. Witnesses for appellant testified that John Cheatham had said that he had given or conveyed the land to his daughter, Mrs. Georgia (Abba) Gregory, appellant's mother, but there was no testimony offered from which it could be deduced that John Cheatham had title to the land, either by conveyance to him or by possession thereof for the period necessary to confer title under the statute of limitations.

At the conclusion of the testimony of appellant's witnesses and after hearing the testimony of one witness for appellees, by whom possession of the land by appellees, at the time of the filing of the suit, was shown, the lower court directed a verdict in favor of appellees. To reverse the judgment entered on the verdict appellant prosecutes this appeal.

Since appellant did not allege that she was in possession of the land, and it appeared that appellees were in possession when this litigation was instituted, the suit was properly transferred to circuit court, and that court correctly treated it as an ejectment proceeding.

No principle is more firmly established in our jurisprudence than that in ejectment the plaintiff must succeed on the strength of his own title and not on the weakness of the title of his adversary. *Dawson* v. *Parham,* 47 Ark. 215, 1 S. W. 72; *Allen* v. *Phillips,* 87 Ark. 185, 112 S. W. 403; *Mancy* v. *Burke,* 92 Ark. 84, 122 S. W. 111; *Wolf & Bailey* v. *Phillips,* 107 Ark. 374, 155 S. W. 924; *Brasher* v. *Taylor,* 109 Ark. 281, 159 S. W. 1120; *Haynes* v. *Clark,* 196 Ark. 1127, 121 S. W. 2d 69; *Knight* v. *Rogers,* 202 Ark. 590, 151 S. W. 2d 669; *Chavis* v. *Henry,* 205 Ark. 163, 168 S. W. 2d 610, and *Dowdle* v. *Wheeler,* 76 Ark. 529, 89 S. W. 1002, 113 Am. St. Rep. 106. The rule is thus stated in 18 Am. Jur., p. 21: "A well-established principle which has acquired the force of a maxim is to the effect that the plaintiff in ejectment can recover only on the strength of his own title, and not on the weakness of his adversary's."

Another rule governing in ejectment suits is that the plaintiff must show title in himself either by force of

statute of limitations or by a chain of title from the government or at least from a common source. *Wilson* v. *Spring,* 38 Ark. 181; *Gingles* v. *Rogers,* 206 Ark. 915, 175 S. W. 2d 192.

Appellant, in support of her contention that the evidence established title in appellant as the sole heir of her mother, invokes the rule stated in *McCoy* v. *Anderson,* 137 Ark. 45, 207 S. W. 213 (headnote 1), as follows: ''In a suit to quiet title, evidence that defendant's ancestor died in peaceable possession claiming title is a sufficient *prima facie* showing that such ancestor was seized in fee to support a suit to quiet title against a trespasser or one who cannot show a better title.'' But in the case at bar there is no proof that appellant's mother, at the time of her death, held possession of the land under claim of ownership. While witnesses testified in general terms that Mrs. Gregory was in possession when she died, they gave no details as to such possession, and this testimony in reality amounted to nothing more than a statement that she was living on the land with her husband at the time of her death; and these witnesses did not testify that she ever asserted any title to the land.

No conveyance of the land to appellant or to appellant's mother or to appellant's grandfather was shown. It was not shown that appellant or her mother or her grandfather ever held adverse possession of the land for a sufficient length of time to establish title by limitation. It is not contended that the parties to the litigation claim title from a common source. It follows that the lower court properly held that appellant had failed to prove her title to the land.

The judgment of the lower court is affirmed.

McFADDIN, J., disqualified and not participating.