BELOATE, TRUSTEE, *v*. HATHCOAT.

4-7699                                    188 S. W. 2d 619

Opinion delivered July 2, 1945.

*R. C. Waldron,* for appellant.

*Blackford & Irby* and *Ponder & Ponder,* for appellee.

northwest quarter of the northeast quarter of section 34, township 17, north, range 1, east, lying east of the drainage canal of the Village Creek Drainage District'' in Lawrence county, Arkansas. In his complaint appellant deraigned his title to this land by the following conveyances: A deed executed on March 16, 1910, by the widow and heirs of James Tillman, who died in 1885, in which the land was conveyed to W. E. Beloate; a quitclaim deed from A. M. Ward to W. E. Beloate, dated October 1, 1917, in which it was recited that it was in lieu of a deed executed by the grantor to James Tillman; a deed from W. E. Beloate to W. E. Beloate, Jr., dated May 12, 1936; a quitclaim deed from W. E. Beloate, Jr., to E. J. Young, dated August 20, 1941; and a deed from Emily B. Young to appellant, dated November 26, 1943. Appellant in his complaint alleged that appellee entered into possession of the land in 1936 under a contract to rent same from appellant for three years, and, while thus occupying the land, bought a void tax title thereto.

The answer of appellee was a general denial, coupled with a specific denial that appellee was, or ever had been, in possession of any lands belonging to appellant or his grantors. The case was tried before a jury, but at the conclusion of the testimony both sides moved for a directed verdict. The court accordingly withdrew the case from the jury, and thereupon rendered judgment in favor of appellee, to reverse which judgment this appeal is prosecuted.

Appellant introduced in evidence the deeds referred to in his complaint, and testified: ''I found out that Hathcoat was in possession of it and I went down to see him; and Hathcoat said he rented it from me for three years for the purpose of clearing it up. Of that part I have no recollection whatever, except what Hathcoat said about it.''

On behalf of appellee, the former county judge of Lawrence county and the county surveyor testified in effect that Village Creek ran through the described forty-acre tract from northeast to southwest and that the Village Creek drainage canal ran approximately in the same

direction, but some distance west of the old creek or ditch. A plat made by the surveyor indicated that the new canal is about 100 yards west of the original stream. It is the contention of appellee that he owned and occupied the land between the new canal and the old creek or ditch and that the land described in appellant's muniments of title is located east of the old creek or ditch.

Appellee introduced in evidence a quitclaim deed executed to him by the widow of Dan Kline, deceased, who had obtained deeds from the State Land Commissioner purporting to convey small fractional parts of the northwest quarter of the northeast quarter of said section 34, which had been previously sold to the state for taxes. Appellee did not deny that he had in 1936 agreed with appellant to clear the land for the use thereof for three years, but stated that he discovered after he moved on the land, that appellant had no title thereto.

For reversal of the lower court's judgment appellant argues here that the tax title acquired by appellee is void because the land was imperfectly described in each of the deeds by which appellee claims title, and in the proceedings upon which the forfeitures for nonpayment of taxes were based, and because, being at the time a tenant of appellant, appellee could not acquire tax title to the demised premises. On behalf of appellee it is urged that the deeds through which appellant claims title do not describe the land occupied by appellee.

This is not a suit by a landlord to recover possession of land held by virtue of the tenancy of the defendant. Where a landlord brings an action to dispossess his tenant, or to collect rent, and the suit arises out of the relationship of landlord and tenant, the tenant may not dispute his landlord's title without surrendering possession. But this is an ejectment suit, and since in such an action not only the right of possession, but also the title to the land is in issue, the appellee was not estopped to set up that the appellant had no title. *Swift* v. *Ivery,* 147 Ark. 141, 227 S. W. 600. In an ejectment suit, the plaintiff must recover on the strength of his own title and not on the weakness of his adversary's title. *Dawson* v. *Parham,*

47 Ark. 215, 1 S. W. 72; *Allen* v. *Phillips,* 87 Ark. 185, 112 S. W. 403; *Maney* v. *Burke,* 92 Ark. 84, 122 S. W. 111; *Wolf & Bailey* v. *Phillips,* 107 Ark. 374, 155 S. W. 924; *Brasher* v. *Taylor,* 109 Ark. 281, 159 S. W. 1120; *Haynes* v. *Clark,* 196 Ark. 1127, 121 S. W. 2d 69; *Knight* v. *Rogers,* 202 Ark. 590, 151 S. W. 2d 669; *Chavis* v. *Henry,* 205 Ark. 163, 168 S. W. 2d 610.

Another rule governing such an action is that the plaintiff must allege and prove a title in himself by limitation, or by a chain of title from the government to himself, or from a source common to that claimed by his adversary. In the case of *Wilson* v. *Spring,* 38 Ark. 181, Judge EAKIN, speaking for this court, said: ''In making out title by the party having the onus, he must do so either by force of the statute of limitations, or by showing chain of title from the government, or at least from a source common to both parties, which implies admission of title up to that source, on both sides.'' This rule was reiterated and followed by us in the recent cases of *Gingles* v. *Rogers,* 206 Ark. 915, 175 S. W. 2d 192, and *Jackson* v. *Gregory, ante,* p. 768, 187 S. W. 2d 547.

When the pleadings and testimony in this case are considered in the light of these rules, it is manifest that appellant neither alleged nor proved a sufficient title in himself. He did not allege nor did he prove a title to the land in dispute by adverse possession and he did not show a chain of title to himself from the government or from the same source as that claimed by appellee. The judgment of the circuit court in favor of the defendant was correct and is affirmed.