HILL *v.* BARNARD.

4-8944

224 S. W. 2d 31

Opinion delivered November 7, 1949.

*M. V. Moody* and *Elmer Schoggen,* for appellant.

*Byron Bogard,* for appellee.

ED. F. MCFADDIN, Justice. Appellees (the widow and heirs of A. A. Barnard) being in possession, filed suit to have their title quieted to residence property in North Little Rock. They claimed under a tax deed issued in 1936 and their continuous possession thereafter. Appellants (some being children, and some step-children of E. N. Hill) resisted the confirmation, claiming to be the real owners of the property, and asserting that any tax title acquired by A. A. Barnard necessarily inured to the benefit of appellants. The Chancery Court entered a decree quieting appellees' title, and the correctness of that decree is the issue on this appeal.

It is admitted that E. N. Hill was in charge of the property in 1931, and that he agreed for A. A. Barnard to live there. It is also admitted that in 1936 Barnard, while still an occupant, purchased the State's tax title, and continued in possession until his death in 1940; and also that his family has made valuable improvements while remaining in possession until the present time.

Appellants claim that since Barnard was the tenant of Hill, Barnard could not acquire a title adverse to Hill without first surrendering possession of the property; and they cite, *inter alia, Clemm* v. *Wilcox,* 15 Ark. 102; *Taylor* v. *Marble Savings Bank,* 196 Ark. 1179, 119 S. W. 2d 746; *Beloate* v. *Hathcoat,* 208 Ark. 1100, 188 S. W. 2d 619; *Denton* v. *Denton,* 209 Ark. 301, 190 S. W. 2d 291. Appellants also urge that Barnard had agreed to pay the taxes, and that therefore the tax title which he acquired necessarily inured to the benefit of appellants. *Hunt* v. *Gaines,* 33 Ark. 267 and *Zimmerman* v. *Franklin County Bank,* 194 Ark. 554, 108 S. W. 2d 1074 are two of the many cases so holding. On the other hand, appellees claim that Barnard never agreed to pay the taxes on the property, and was therefore free to acquire the State's tax title; and they cite *Billingsley* v. *Lipscomb,* 211 Ark. 45, 199 S. W. 2d 313,[1] which holds that a tenant in possession may acquire a *tax title* and assert it against the landlord.

The decisive question then becomes: what was the 1931 contract between Hill and Barnard under which Barnard went into possession of the property? If Barnard agreed to pay the taxes, then the appellants are entitled to prevail. If he did not so agree, then the appellees are entitled to prevail. The contract between Barnard and Hill was parol, and the testimony is in the sharpest dispute as to the contents. Appellants' witnesses testified that Barnard agreed to pay the taxes in lieu of rent. Appellees' witnesses testified that Barnard did not agree to pay the taxes; that he agreed to (and did) pay rent of $8.00 per month until 1936; and that with Hill's knowledge and acquiescence Barnard acquired the tax title in 1936 and thereafter paid no further rent.

The decision of the sharply disputed fact question concerning the responsibility for the payment of taxes, is determinative of this case. The testimony was heard *ore tenus,* and the Chancellor thus personally heard the witnesses testify and observed their demeanor on the witness stand. In that respect the situation here is as it was in *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d

---

[1] See, also, *Sims* v. *Petree,* 206 Ark. 1023, 178 S. W. 2d 1016.

517. The language there used is likewise the conclusion here:

"The chancellor observed the demeanor on the witness stand, the inflection in the voice and the hesitancy or rapidity of the words flowing from the mouth of the witness. The chancellor thus had an opportunity to see more than the mere words on the printed page which, alone, come to this court. With the testimony in this case in hopeless conflict, we cannot say that the Chancery Court decided against the preponderance of the evidence."

Affirmed.