BEARDSLEY v. HILL.

Opinion delivered December 16, 1905.

1. EVIDENCE—PAROL PROOF OF CONTENTS OF DEED.—Parol evidence is inadmissible to prove the contents of a deed until it is shown that it has been lost or destroyed, or is in the possession of some one outside of the State and can not be produced, and until it is shown that the record of such deed, or a transcript thereof, certified by the recorder, can not be produced. (Page 246.)

2. EJECTMENT—PLAINTIFF'S TITLE.—A plaintiff in ejectment can not recover on the weakness of defendant's title, but must recover on the strength of his own. (Page 246.)

Appeal from Howard Circuit Court; JAMES S. STEEL, Judge; affirmed.

*W. C. Rodgers,* for appellants.

1. It is not necessary that plaintiff in ejectment show a title perfect against the world in order to recover. 31 Ark. 334; 41 Ark. 465; 37 Fla. 464; 8 Wheat. 1. Possession of a part of a body of land under color of title will draw to it possession of the whole. 71 Ark. 390.

2. The court erred in excluding testimony tending to show the execution of deed to Fred J. Richters. The deed itself not being in possession of witnesses, and being beyond the jurisdiction of the court, parol evidence of its contents was competent. 31 Ark. 364; 70 Ark. 472.

*J. S. Lake, D. B. Sain* and *W. S. McCain,* for appellees.

1. Plaintiffs cannot recover in ejectment while the legal title is outstanding in another. 41 Ark. 97; 62 Ark. 51; 65 Ark. 612; 105 U. S. 614; 171 U. S. 434. They can recover only upon the strength of their own title, and not upon the weakness of the title of defendants. 47 Ark. 215; 47 Ark. 413; 83 S. W. (Ark.) 951.

2. Parol evidence in relation to execution of deed to Fred J. Richters and its contents was not admissible until proper foundation was laid.

BATTLE, J. This action was brought by Catherine A. Beardsley, and others against J. B. Hill and others to recover the possession of a certain tract of land. The defendant denied that plaintiffs were the owners of the land or entitled to its possession, claiming that they were rightfully and lawfully in possession.

Evidence was adduced in the trial of the action tending to prove that Catherine A. Beardsley was at one time the owner of the land, but a record of a deed purporting to have been executed by her and her husband, Paul F. Beardsley, and duly and lawfully acknowledged by them and recorded, conveying said land to George F. Richters, was read as evidence. Mrs. Beardsley and her husband testified that they or either of them never executed a deed to George F. Richters, and never knew him before the bringing of this action. Plaintiffs offered, and the court refused to allow them, to prove by their own testimony that they, Catherine A. and Paul Beardsley, executed a deed conveying the land to Fred J. Richters.

Among other instructions, the court gave the jury the following:

"If you find from the evidence that the plaintiffs, P. F. Beardsley and wife, did not execute the deed to George F. Richters, record of which is in evidence, you will find for the plaintiffs."

"The court instructs the jury that the plaintiffs must recover, if at all, on the strength of their own title, and not upon the weakness of the defendants.' Therefore, if you find from the evidence that plaintiffs, Paul F. Beardsley and Catherine A. Beardsley, on the 3d day of October, 1893, conveyed by deed, duly acknowledged and filed for record, the lands in controversy

to George F. Richters, and it does not appear that said George F. Richters has conveyed said lands to the plaintiffs or some one through whom they claim title, you will find for the defendants."

The jury in the case returned a verdict in favor of the defendants, and judgment was rendered accordingly.

The court committed no error in refusing to allow Paul F. Beardsley and Catherine Beardsley to testify that they on or about the 3d day of October, 1903, conveyed the land in controversy to Fred J. Richters. The deed which they executed to him, if any, was the best evidence of that fact, and no other evidence was competent to prove it until its loss or destruction was shown, or it was in the possession of some one outside of the State and could not be produced, or it was shown that "the record thereof, or a transcript thereof, certified by the recorder," could not be produced. They laid no foundation whatever for the admission of the rejected evidence.

Paul F. Beardsley and wife testified that they never executed a deed to George F. Richters. If this be true, the instrument of writing purporting to be a deed executed by them to him was a forgery; and under the instructions of the court it was the duty of the jury to return a verdict in favor of the plaintiffs. They did not believe their testimony.

The record of the deed of George F. Richters was competent evidence, and sustained the verdict of the jury. They obviously found that Paul and Catherine Beardsley conveyed all their interest and estate in the land in controversy to George F. Richters. That being true, plaintiffs were not entitled to the land. They could not recover on the weakness of defendant's title, but on the strength of their own. *Dawson* v. *Parham,* 47 Ark. 215; *Apel* v. *Kelsey,* 47 Ark. 413; *Nix* v. *Pfeifer,* 73 Ark. 199.

Judgment affirmed.