## WINN *v.* WHITEHOUSE.

### Opinion delivered July 11, 1910.

1. PUBLIC LANDS—EFFECT OF LAND COMMISSIONER'S DEED.—Kirby's Digest § 4820, making deeds of forfeited lands *conclusive* evidence of title, is ineffective to give such deeds anything more than a *prima facie* effect. (Page 43.)

2. EJECTMENT—CONFLICTING PRESUMPTIONS—BURDEN OF PROOF.—Where the plaintiffs in an ejectment suit rely upon a deed executed by the Commissioner of State Lands, conveying internal improvement land, and the defendant upon a prior deed executed by such commissioner conveying forfeited land, there being a statutory presumption in favor of each deed, the plaintiffs, to succeed, must show that they have the real title. (Page 44.)

3. EVIDENCE—UNCERTIFIED COPY OF RECORDS OF LAND OFFICE.—An alleged copy from the books of the State Land Commissioner, not certified by that officer, is inadmissible in evidence. (Page 45.)

4. SAME—BURDEN OF PROOF.—The plaintiff in ejectment must recover upon the strength of his own title. (Page 46.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*E. L. Carter,* for appellants.

If property of the State is erroneously assessed to an individual and sold for his delinquent taxes, the conveyance will neither pass title nor affect the rights of the State. Black on Tax Titles, 54. A forfeiture of State land for taxes is void, and one holding a donation deed based thereon acquires no title. 75 Ark. 146. And a person afterwards entering the land need not tender the purchaser at the tax sale the money paid and value of improvements made by him before suing for the land. 31 Ark. 279. The State is not bound by the unauthorized acts of its agents. 42 Ark. 118. The betterment act does not operate against the State. 57 Ark. 474.

*Walker & Walker,* for appellee.

The record of the Commissioner of State Lands was not admissible as evidence. The record sustains the ruling of the trial court. 74 Ark. 551; 75 Ark. 76; 78 Ark. 379; 80 Ark. 79; 81 Ark. 327; 85 Ark. 123; 88 Ark. 449; 90 Ark. 230; Kirby's Dig., § § 756 and 757.

WOOD, J. The appellee is in possession of a tract of land in Washington County, Arkansas, under a donation deed executed to him by the Commissioner of State Lands, March 5, 1903. Appellants seek to eject appellee under a deed executed by the State Land Commissioner, October 6, 1906, to the lands in controversy as "internal improvement land." Section 4820 of Kirby's Digest provides:

"The deeds of the commissioner shall be conclusive evidence in all courts of a good and valid title to the donee, his heirs and assigns, and shall be evidence that the land has been regularly forfeited by the original owner, that the State had properly donated its right thereto, and such evidence shall be received by the courts."

The donation deed under this statute is *prima facie* evidence of title in the appellee. *Cracraft* v. *Meyer,* 76 Ark. 456, and cases cited. To overcome this *prima facie* title of appellee, appellants must show title in themselves. They seek to do this by a deed of the State Land Commissioner to the land as internal improvement lands executed at a later date than appellee's donation deed. The deed of the State Land Commissioner to internal improvement lands is also *prima facie* evidence of title. Section 2741, Kirby's Digest. (Act of January 10, 1857.)

The Legislature had no power to make either the donation deed or the deed to internal improvement lands conclusive evidence of title. *Cairo & F. Rd. Co.* v. *Parks,* 32 Ark. 145. Deeds under these respective statutes are but *prima facie* evidence of title. *Cairo & F. Rd. Co.* v. *Parks, supra; Cracraft* v. *Meyer, supra.*

Appellants could not succeed in overcoming appellee's *prima facie* title by simply showing a later *prima facie* title, that was of no greater probative force or significance than appellee's *prima facie* title. As *prima facie* evidence, appellee's deed had as much evidentiary importance as did that of appellants. Between these conflicting presumptions of equal statutory dignity and probative power, the one who has the burden must fail unless he brings forward proof to overcome the presumption that stands in the way of his contention. The presumptions stand in equilibrium, so to speak, and appellants could only "turn the scale" in their favor by proof. Therefore, appellee being in possession under a *prima facie* title, appellants, if they succeed in ousting him, must overcome his *prima facie* title by showing, not that they also have *prima facie* title, but that they have more than this, *i. e.,* the real title. Appellants have not done this. They set up in their complaint that they derive title to the land in controversy as follows:

"By an act of Congress to appropriate the proceeds of the sale of public lands approved March 3, 1847, the above described lands, together with others, were granted to the State of Arkansas, to aid in the construction of improvements within said State.

"In conformity with said act, the United States Government conveyed the said lands to the State of Arkansas on June 23, 1836, said conveyance being confirmed on March 3, 1847, as will appear by the certificate of the register of the United States Land Office at Harrison, Arkansas, attached hereto as an exhibit and recorded in record book 114, page 405.

"That, under a provision of an act of the General Assembly regulating the price and sale of said land so granted by the United States to it, the plaintiff paid into the treasury the purchase price of the land and received the State's patent, which has been recorded in the records of Washington County."

Appellants offered what purported to be a transcript of a portion of page 58 of the record of "Internal Improvement Confirmation—State of Arkansas," showing that the lands in controversy had been duly selected and approved as Internal Improvement lands. But this alleged transcript of a portion of page 58 was not duly authenticated. There was no certificate of the Commissioner of State Lands attached thereto, showing that it was a true and correct transcript of the record.

The bill of exceptions recites that: "The plaintiffs offered to introduce the transcript from the record of the Commissioner of State Lands at Little Rock, to which the defendant objected on the ground that the transcript was irregular, and that it was not attached to the certificate of the land commissioner. The objections of the defendant were sustained, and the plaintiffs asked that their exceptions to the court's ruling be made a matter of record."

The court ruled correctly in excluding this evidence. The purported transcript and the certificate of the commissioner were not attached, and there was no testimony before the court to show that the purported transcript was the page of the record referred to by the commissioner in his certificate. The alleged transcript of the "page 58" had no certificate of the commissioner attached to it showing that it was the record. There was no evidence to show that the certificate of the commissioner contained on another and separate page referred to the identical alleged transcript of page 58 that was offered in evidence. The pages were detached and separate pieces of paper, and the court had no means of identifying the alleged transcript of the record of page 58 as the one referred to by the commissioner in his certificate. There was no offer even to show that these separate pages were ever attached, and that by accident or otherwise they had been detached. There was no offer even to show that they had been received in the same letter. Authentication of records can not be made in such a loose and indefinite manner. Sections 882, 891 and 2469, Rev. Stat, U. S.; page 183, Kirby's Digest. The papers brought here by subpoena duces tecum showing the original papers that were offered in evidence do not disclose that the certificate of the commissioner was ever attached to the purported transcript of the portion of page 58 of the record of

"Internal Improvement Confirmation—State of Arkansas." Appellants therefore failed to prove that the lands in controversy were "Internal Improvement" lands. This they had to do in order to overturn appellee's donation deed.

The court erred in excluding the deed of the Commissioner of State Lands to appellants Winn, Deibel and Diebel, for the statute section 2741, Kirby's Digest, as we have stated, makes the patent certificates (and of course the patent itself) evidence of title. But this error could not prejudice appellants, for, as we have shown, the deed was only *prima facie* evidence, and not sufficient to overturn appellee's possession under his *prima facie* title.

The burden was on appellants to recover on the strength of their own title and to show a better title than appellee. *Beardsley* v. *Hill*, 77 Ark. 244; *Allen* v. *Phillips*, 87 Ark. 185.

This they have failed to do. The judgment was therefore correct, and is affirmed.