## Robert v. Brown.

### Opinion delivered February 19, 1923.

1. EVIDENCE—COPY OF RECORD.—If a plaintiff in ejectment is not able to introduce an original deed in evidence a purported copy from the record is not admissible under Crawford & Moses' Dig., § 1531, unless certified by the recorder.

2. EJECTMENT—TITLE OF PLAINTIFF.—A plaintiff in ejectment must rely on his own title, and not upon the weakness of his adversary's title.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*E. H. Tharp,* for appellant.

The court's theory that only certified copies of deeds in the chain of title could be considered by the jury was erroneous. That is a convenient method by which deeds may be certified by the clerk and introduced in evidence without other proofs, but it was not intended as the exclusive method. If the court holds, however, that certified copies of the exhibits should have been introduced, we ask that the case be remanded to the end that it may be more fully developed. 75 Ark. 423.

*W. A. Cunningham,* for appellee.

1. Crawford & Moses' Digest, § 1531, in providing that proof of a recorded instrument, when lost or not within the power or control of the party wishing to use the same, might be made by introduction of the record, or a copy thereof, certified by the clerk, intended to provide an exclusive method of making such proof.

2. In ejectment the plaintiff can rely only on the strength of his own title, not upon the weakness of his adversary's. 122 Ark. 375.

WOOD, J. The appellant instituted this action against the appellee to recover certain lands which are described in appellant's complaint. He deraigned title from the State through various mesne conveyances, which he sets out, copies of which he purports to make exhibits to his complaint.

The appellee, in his answer, alleged that he was the owner of the land described in the complaint, and specifically denied each and every muniment of title set up in appellant's complaint.

In setting out the various conveyances in the chain of title appellant alleged that they were duly recorded. To establish his title appellant called as a witness E. H. Tharp, who testified that he was the attorney for the appellant, and as such examined the record of title, and he exhibited what he designated muniments of title dating back from the government on up to the present. He stated that the deeds which he exhibited were copies of the record; that the originals could not be introduced. He had compared the records and made copies of the deeds and instruments affecting appellant's title, and offered these copies in evidence.

The court refused to permit the instruments to be considered as evidence, because same were not certified copies and therefore did not meet the requirements of the law to show the chain of title set up by the appellant. At the conclusion of the testimony the appellee moved the court to instruct the jury to return a verdict in his favor, which motion the court granted. The jury returned a verdict as directed. The court entered a judgment in favor of the appellee in accordance with the verdict, from which is this appeal.

Section 1531 of Crawford & Moses' Digest provides as follows: "If it shall appear at any time that any deed or instrument, duly acknowledged or. proved and recorded as prescribed by this act, is lost or not within the power and control of the party wishing to use the same, the record thereof, or a transcript of such record certified by the recorder, may be read in evidence without further proof of execution."

The appellant did not meet the requirements of the statute. He did not introduce the original deed, but offered only purported copies from the records, which were not certified by the recorder, as the statute requires. When the purported copy of the record of a deed is of-

fered in evidence it must be certified by the recorder, as prescribed by the statute. "A plaintiff in ejectment must rely upon his own title, and not upon the weakness of the title of his adversary." *Boynton Land & Lumber Co. v. Hawkins,* 122 Ark. 374.

The judgment is correct, and it is therefore affirmed.