FRANCE v. BUTCHER.

Opinion delivered July 7, 1924.

1. QUIETING TITLE—PLAINTIFF'S TITLE.—In an action to quiet title plaintiff must recover, if at all, upon the strength of his own title and not upon the weakness of his adversary's title.

2. QUIETING TITLE—BURDEN OF PROOF.—In an action to quiet title where the plaintiff relies upon title by adverse possession, the burden of proof is on him to establish the facts which constitute adverse possession.

3. ADVERSE POSSESSION—PAYMENT OF TAXES—PAYMENT BY GRANTOR.— While Crawford & Moses' Dig., § 6943, gives the benefit of the act to a party where "he and those under whom he claims shall have paid such taxes for at least seven years in succession," the persons "under whom he claims" can only be construed to mean persons in the line of title who made payments while they were claiming title, and payments made by a grantor after he had parted with the title do not inure to the benefit of his grantee.

Appeal from Arkansas Chancery Court; John M.
Elliott, Chancellor; affirmed.

R. D. Rascoe, Geo. W. Hays and William F. Kirby,
for appellant.

1. Appellant and his grantors have been in possession and paying taxes under color of title for 32 years, i. e., since the State deed to Henry in 1875. There is no defect appearing on the face of this deed, and the presumptions are all in its favor. It is prima facie valid, and constitutes color of title, as does each of the succeeding deeds. C. & M. Digest, § 6666-6669; 131 Ark. 273; 139 Ark. 211; 48 Ark. 185.

2. Appellant's possession was adverse. Payment of taxes cured all defects and perfected appellant's title. C. & M. Dig. § 6943; 109 Ark. 281; 131 Ark. 22; 131 Ark. 83; 157 Ark. 97; 124 Ark. 379.

3. The State's deed to appellee Butcher is void on its face and does not constitute color of title. 140 Ark. 367; 131 Ark. 273; 135 Ark. 592. A tax sale en masse for a lump sum is invalid, and a tax deed which shows on its face that separate lots in an incorporated town were so sold is void. 83 Ark. 74; 138 Ark. 194; 224 S. W. 619; 148 Ark. 653. Appellee holds as a trespasser. 131 Ark. 273. The two-year statute of limitation was not put into operation by such void deed. 93 Ark. 176; 152 Ark. 368; 152 Ark. 315.

4. Appellee was not entitled to recover taxes paid under the void deed, nor the value of improvements. 140 Ark. 367; 131 Ark. 273; 143 Ark. 92; 120 Ark. 620. Having made improvements within two years from the date of his purchase, appellee is not entitled to recover under the provisions of C. & M. Digest, § 10120, and, not having purchased at a tax sale and not having a clerk's deed therefor, he cannot recover under § 10117, Id.

C. E. Pettit and W. A. Leach, for appellee.

1. On the issue of adverse possession, the burden is always on the party who asserts it. 117 Ark. 579; 110 Ark. 572; 61 Ark. 464. And where payment of taxes is made an element of title by adverse possession

under the statute, the burden of proof is on the party setting up adverse possession to show such payment. 1 Cyc. 1144; 82 Ark. 51; 76 Ark. 426. In a controversy between the true owner and an adverse claimant, where the proof shows payment of taxes by the true owner for a number of years prior and subsequent to a particular year, but is silent as to that year, the presumption is that the true owner paid the taxes for that year. 37 Cyc. 1167. Here the appellant is not shown to have been the owner at the time the payment of the taxes of 1898 was made; and payment for that year by the appellant was necessary to complete his title. If the taxes for that year were paid by any of appellant's predecessors, they were paid by Leslie, and the proof falls far short of showing payment by him. Had the trial court found that he paid the taxes for that year, it could not, under the holding in *Reynolds* v. *Snyder,* 121 Ark. 33, be upheld.

2. If the appellant had been in actual possession and had been dispossessed by appellee, the rule he seeks to invoke would apply; but there is no contention by appellant that appellee ousted or dispossessed him when the latter took possession, and the rule as to trespassers does not apply. Constructive possession always follows the legal title, but not so actual possession. 110 Ark. 534; 39 Ark. 712. Where no legal title is shown in either party, the party showing prior possession in himself or those under whom he claims will be held to have the better right. 15 Cyc. 30.

3. The cases cited in support of appellant's contention that appellee is not entitled to recover for taxes paid and improvements made are not in point. In cases where the deed is void for uncertainty of description, the purchaser at the tax sale may recover for taxes paid and improvements made, if he can show or identify the lands mentioned in his deed as the lands on which the taxes were paid and improvements made. 50 Ark. 484. See also C. & M. Digest, §§ 3703, 3708, 10117.

McCULLOCH, C. J.    This litigation involves the title to, and right of possession of, lots in the town of Gillett, described as lots 1, 2, 3, 4, 5, and 6, of block 18.    Both parties claim under a tax title.    Appellant's claim originated with a tax sale in the year 1872, whilst appellee's claim originated in a forfeiture to the State in the year 1908 for the taxes of 1907, and a conveyance by the State Land Commissioner to appellee May 19, 1911.    Appellee also claims title by adverse possession on account of the payment of taxes continuously for seven years.    The action was instituted in the chancery court of Arkansas County by appellant against appellee to cancel appellee's tax title and recover possession of the land.

It is alleged in the complaint that the tax sale in 1908, under which appellee claims, was void by reason of the fact that the six lots were sold *en masse*.    Appellee answered, denying that the tax sale was void, and alleging that the sale under which appellant claims is void on the same ground as the charge in the attack upon the tax sale under which appellee holds.    In other words, each charge of invalidity with respect to the tax sales is based on the same ground, and it is conceded now that each of the sales was void.

Appellee, in his answer, denied that appellant paid taxes for seven years in succession.    Appellee took actual possession of the lots immediately after he received the deed from the State Land Commissioner on May 19, 1911, and fenced the lots and remained in possession up to the commencement of this suit, which was less than two years, however, as the action was commenced in April, 1913.    Appellee pleaded the statute of limitations, but it is obvious that the plea is not sustained, for the reason that he did not actually occupy the property as long as two years before the commencement of the action.

Appellee has raised no question below as to the jurisdiction of the chancery court.    Appellant being out of possession, his proper remedy was to sue to recover

possession, but, if objection had been made below, the action could have been transferred to the law court, and, as no such motion was made, we must treat the question as waived.

We come then to the question whether appellant has shown title by adverse possession on account of payment of taxes for seven years. There is a stipulation in the record, the effect of which is to establish the fact that the lots in controversy were "unimproved" and "uninclosed" within the meaning of the statute (Crawford & Moses' Digest, § 6943), which provides that such land "shall be deemed and held to be in possession of the person who pays the taxes thereon, if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act unless he and those under whom he claims shall have paid such taxes for at least seven years in succession, and not less than three of such payments must be made subsequent to the passage of this act." Act March 18, 1899. The lots were sold, as we have already seen, for the taxes of 1907, and appellee paid the taxes subsequent to the acquisition of his tax title, hence appellant's adverse possession must have ripened into title, if at all, prior to the year for the taxes of which the sale was made. In other words, there must have been the requisite payment of taxes to constitute adverse possession prior to the year 1907.

The tax sale of these lots in 1872 was to the State. The lots were sold by description as acreage property, being included in a certain subdivision according to the government survey. J. P. Henry purchased that subdivision from the State on June 24, 1875, and that title comes on down to appellant by deeds from Henry to T. H. Leslie January 23, 1879, and Thomas H. Leslie to H. G. Leslie, September 15, 1882; sheriff's deed to Robert Poage under execution sale under judgment against H. G. Leslie, September 25, 1900, and from Robert Poage to appellant April 5, 1913. Appellant also presents a chain of title beginning with a deed from H. G. Leslie to

John Wisdom on June 6, 1904; deed of Wisdom to William Montgomery Brown, Episcopal Bishop, June 30, 1904, and deed from James R. Winchester, Episcopal Bishop, to appellant, dated December 4, 1912. Appellant also shows a deed from Wisdom to himself, dated June 24, 1912.

It is apparent from the above recital that the claim under the tax title passed to H. G. Leslie and then to Poage, under the execution sale in 1900.

We are of the opinion that the payment of taxes by appellant's grantors was not sufficient to constitute an investiture of title by adverse possession, for two reasons. No claim of a payment prior to the year 1898 can be included as a part of the requisite number of payments to constitute adverse possession, as the proof does not show who paid the taxes for the year 1898 or the year 1905. Records were introduced to show that the taxes were paid for those years, but not the individual who made the payments.

The plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of the title of his adversary, and the burden of proof is therefore on him to establish the facts which constitute adverse possession. *Gaither* v. *Gage,* 82 Ark. 51; *Newman* v. *Peay,* 117 Ark. 579; *Cotton* v. *White,* 131 Ark. 273. There is no presumption that any one paid the taxes other than the true owner, even though payments for prior and subsequent years were established.

Another reason why the payment of taxes is not available to appellant as an investiture of title is that, if all the payments for seven years were in fact made by H. G. Leslie, as claimed by appellant, the payments did not inure to the benefit of appellant, for the reason that, Leslie was not privy to the chain of title under which appellant claims at the time all of the respective payments were made. Leslie's title was divested by the execution sale in the year 1900, and that title passed under the deed of Poage. Leslie undertook to convey to

Wisdom in the year 1904, and whatever interest he had to convey at that time, if any, passed to appellant under mesne conveyances. Now, the most of the payments made by Leslie which appellant could claim the benefit of would be the payments prior to 1904, for, after that time, Leslie was not privy to the chain of title under which appellant holds. The evidence shows that the taxes were paid by Leslie for the years 1900 to 1904, inclusive, and, if we could indulge the presumption that Leslie paid also for the years 1905 and 1906, these payments would not be available to appellant, for the reason above stated, that Leslie was not privy to the chain of title after his last conveyance under which appellant holds. It is true that the statute gives the benefit of tax payments made not only by himself, but also for payments made by "those under whom he claims," but this can only be construed to mean persons in the line of title who made payments while they were claiming title. After parting with the title, a grantor is a stranger to the title, and payments made by him do not inure to the benefit of grantees under his deed. After parting with title, such a person has no color of title, and therefore his payments avail nothing by way of establishing title by adverse possession.

The decree of the chancery court was correct, and the same is therefore affirmed.