ROBINSON *v.* CRAVENS.

Opinion delivered March 19, 1928:

1. EJECTMENT—PLAINTIFF'S TITLE.—To recover in ejectment, plaintiff must prevail upon the strength of his own title.

2. EJECTMENT—SUFFICIENCY OF EVIDENCE.—In ejectment the failure of plaintiff to show the location of boundaries in a deed under which he claimed on account of inability to locate the beginning point or to find any plat which would determine the boundaries, *held* to require a reversal of judgment for plaintiff.

Appeal from Greene Circuit Court, First Division; *W. W. Bandy,* Judge; reversed.

*M. P. Huddleston,* for appellant.

*Jeff Bratton,* for appellee.

HUMPHREYS, J.    Appellees brought suit in the circuit court of Greene County, First Division, against appellant, in ejectment, to recover a strip of land five feet wide by thirty-six feet long, described as follows: "Beginning at a point 60 feet south of a point 75 feet east of the northwest corner of said lot 6, block 1, of Hunt's Addition to Paragould, Arkansas, running thence east 36 feet, thence south 5 feet, thence west 36 feet, thence north 5 feet, to place of beginning."

Appellees claim title to the strip by purchase and warranty deed of date November 16, 1923, from Robert Rutherford, alleging that said strip was embraced in the land described in the deed, which description is as follows: "That part of lot 6, in block 1 of Hunt's Addition to Paragould, Arkansas, described as follows: Beginning at the northwest corner of said lot 6 and run east on north line thereof 75 feet, thence south 50 feet, thence east 36 feet, more or less, to the alley, thence south 30 feet, thence west to the east line of Pruett Street, at a point which is 48 feet south of the beginning, and thence north to the northwest corner of said lot 6."

It was further alleged in the complaint that appellant was in the unlawful possession of the land, claiming title thereto by mesne conveyances from Robert Rutherford.

Appellant filed an answer to the complaint, denying that the strip of land was embraced in the land described in appellee's deed of date November 16, 1923, from Robert Rutherford, or that he was in the unlawful possession of same. He admitted that he was in possession of the strip of land in question, but alleged that he was in the rightful possession thereof by deed from Dora Bridges, who obtained title thereto by devise from Robert Rutherford.

According to the allegations contained in the pleadings, it will be observed that each claimed title to the strip in question from the same source.

The cause was submitted upon the pleadings, the testimony introduced by the respective parties and the instructions of the court, which resulted in a verdict and judgment in favor of appellees for the strip of land in question, from which is this appeal.

Appellant contends for a reversal of the judgment, because he alleges that there is no substantial evidence in the record to sustain same. Appellee introduced his deed and an engineer by the name of J. E. Garrett, as a witness, in an effort to show that the strip of land in question was embraced within the boundaries of the land described in his deed from Robert Rutherford. The engineer was unable to locate the boundary lines in the deed, because he could not locate the beginning point. He was unable to find any plat of Hunt's Addition to Paragould, or any other plat by which he could determine the width of Pruett Street, referred to in the description, so as to definitely locate the east line thereof, or to find any map or plat showing the width of the alley referred to in the description, or to obtain any other accurate information by which he could determine the beginning point called for in the deed. After acquiring such information as he did, he made a tentative plat of lot 6, block 1, of Hunt's Addition, which he admitted was not accurate or dependable.

Before the dispute as to the division line between the land claimed by appellees and that claimed by appel-

lant can be determined, it will be necessary to definitely locate the beginning point in some way in appellee's deed. If he recovers at all he must recover upon the strength of his own title, and, in order to show that the strip is embraced in the boundaries mentioned in his deed, he must in some way definitely locate the boundaries.

We are not quite sure that the case has been fully developed, else we would reverse the judgment and dismiss the case. Thinking perhaps that these boundaries can be definitely ascertained in some way, we reverse the judgment, and remand the case for a new trial.