### HAYNES v. CLARK.

4-5226                                                 121 S. W. 2d 69

Opinion delivered November 7, 1938.

1128

*Winstead Johnson, James C. Hale* and *S. S. Hargraves,* for appellant.

*W. B. Scott* and *Cecil B. Nance,* for appellee.

Donham, J. Appellants filed suit in the Crittenden circuit court against appellees in ejectment to recover an eighty-acre tract of land. It was alleged that appellant, Henrietta Haynes, was the owner of said tract. T. B. Haynes joined in the suit as a party-plaintiff, it being alleged that the action taken by him was for the use and benefit of the said Henrietta Haynes. The title of the said Henrietta Haynes was based on certain conveyances as follows:

"1. By deed from the state of Arkansas, January 29, 1936, to Henrietta Haynes.

"2. By deed November 2, 1936, board of directors of St. Francis Levee District to Henrietta Haynes.

"3. By deed August 31, 1937, T. B. Haynes and Beulah M. Haynes to Henrietta Haynes.

"4. By deed February 9, 1915, J. A. Donahue to T. B. Haynes."

Copies of these deeds were made exhibits to the complaint.

Answer was filed by appellees admitting the execution of the St. Francis levee district board deed, but denying the validity of said deed for the alleged reason that during the years for which the taxes were not paid to the levee district and for which the sale or sales were made to the district, the title to the eighty-acre tract in question was in the state of Arkansas, said tract having been

forfeited to the state for the nonpayment of taxes, and, therefore, that no levee district taxes should have been extended against the tract for said years. No sale for delinquent taxes for levee district purposes was made for the years 1928 to 1936, inclusive. It was further alleged in the answer that said levee district tax sales at which the levee board became the purchaser were void because of certain informalities in the sales. We deem it unnecessary to state these alleged informalities, as our decision herein is in no way affected by them or any of them.

The execution of the deed from the state of Arkansas, bearing date of January 29, 1936, to Henrietta Haynes, was admitted. However, it was alleged that said deed was void and conveyed no title, either equitable or legal, for the reason that the tax sale which was the basis of the state's title was void. The execution and delivery of the deed of T. B. Haynes and Beulah M. Haynes, August 31, 1937, to Henrietta Haynes, was admitted. It was alleged, however, that said deed was a quitclaim deed and conveyed no title because the grantors therein had no title to convey. There were similar admissions and allegations in the answer with reference to the deed from J. A. Donahue, bearing date of February 9, 1915, to T. B. Haynes.

It was shown in evidence, without contradiction, that on May 5, 1930, the Commissioner of State Lands executed a commissioner's deed to J. L. Clark for the lands in question; that the said J. L. Clark immediately went into possession of said lands under said deed; that the said J. L. Clark died August 28, 1930, in possession of said lands, claiming to be the owner thereof; that the appellee, C. M. Clark, is the brother of the deceased, J. L. Clark; that the remaining appellees are the widow and surviving heirs of the said J. L. Clark; that immediately on the death of the said J. L. Clark, the said C. M. Clark for and on behalf of the said widow and surviving heirs of the said J. L. Clark, took possession of the eighty-acre tract involved in this suit and has been in possession of same ever since, exercising ownership and control over same, renting same out and having same cultivated, all

for the use and benefit of the widow and heirs of his deceased brother.

The said C. M. Clark was appointed administrator of the estate of the said J. L. Clark and at all times acted as the agent of the estate and of the widow and heirs of the deceased. His possession was their possession. Same continued under color of title for a period of more than seven years to the commencement of this action. Appellees pleaded seven years adverse possession as a defense to the claims of appellants. The two-year statute of limitations was also pleaded as a defense.

At the close of the evidence, motion was made by appellees for a directed verdict which the court granted and, in so doing, the court made a declaration of law and fact as follows:

"Motion is made by the defendants for directed verdict which is granted over the objections and exceptions of the plaintiffs; the court holds as a declaration of law and fact at the request of plaintiffs that the court make a declaration of law and fact, the court finds that the only reasonable inference the jury could draw from the evidence in this case is that C. M. Clark was in open, notorious, adverse, peaceable and continuous possession of the land in question for more than seven years prior to the institution of this case; that the two deeds from the state are void and that the deed from the levee board is void; that C. M. Clark is not the duly appointed and qualified administrator of the estate of J. L. Clark, deceased, but that his possession of the lands in question has been as an unofficial representative of the widow and next of kin of the said J. L. Clark, deceased; that in this trust relation his holding from the beginning to the present time has been of the same kind and character and for the same purpose."

The verdict of the jury was as follows:

"We, the jury, find for the defendant, C. M. Clark, for the possession of the land involved in this action, to-wit: The north half (N½) of the northeast quarter (NE¼) of section seven (7), township six (6), range six (6), containing eighty acres, more or less, in Crittenden county, Arkansas; and we, the jury, find for the plain-

tiffs, Henrietta Haynes and T. B. Haynes, for the use and benefit of Henrietta Haynes, in the sum of three hundred fifty-nine and 92/100 ($359.92) dollars, being the amount of taxes and interest thereon paid for said defendant by said plaintiffs, and for which sum they are entitled to a lien upon said lands.''

The court thereupon entered judgment in favor of C. M. Clark for possession of the land and in favor of appellants in the sum $359.92, with interest until paid, same being the amount of taxes paid by appellants as consideration for the purchase by Henrietta Haynes of the tract from the State and Levee Board. Judgment for said amount was rendered against the said C. M. Clark, and a lien was granted upon the tract of land to secure the payment of the amount awarded to appellants.

This being a suit in ejectment, it is well-settled by numerous decisions of this court that appellants were not entitled to succeed in recovering the tract of land involved, unless they could do so upon the strength of their own title. They were not entitled to rely on the weakness of the title of appellees. *Beardsley* v. *Hill,* 77 Ark. 244, 91 S. W. 757; *Allen* v. *Phillips,* 87 Ark. 185, 112 S. W. 403; *Winn* v. *Whitehouse,* 96 Ark. 42, 131 S. W. 70; *Wallace* v. *Hill,* 135 Ark. 353, 205 S. W. 699; *Robert* v. *Brown,* 157 Ark. 230, 247 S. W. 1058; *France* v. *Butcher,* 165 Ark. 312, 264 S. W. 931; *Robinson* v. *Cravens,* 176 Ark. 682, 4 S. W. 2d 533. In the case of *Winn* v. *Whitehouse, supra,* this court said: ''Appellant could not succeed in overcoming appellee's *prima facie* title by simply showing a later *prima facie* title, that was of no greater probative force or significance than appellee's *prima facie* title. As *prima facie* evidence, appellee's deed had as much evidentiary importance as did that of appellants. Between these conflicting presumptions of equal statutory dignity and probative power, the one who has the burden must fail unless he brings forward proof to overcome the presumption that stands in the way of his contention. The presumptions stand in equilibrium, so to speak, and appellants could only 'turn the scale' in their favor by proof. Therefore, appellee being in possession under a *prima facie* title, appellants, if they succeed in ousting

him, must overcome his *prima facie* title by showing, not that they also have *prima facie* title, but that they have more than this, *i. e.,* the real title.''

It seems from the record before us that the Haynes family abandoned this land in 1923. The first attempt after said date to assert title was made by them in 1936, when Henrietta Haynes obtained a tax deed from the state. Thirteen years passed from the time of the apparent abandonment of the tract. In the meantime, J. L. Clark, as stated, on the 5th day of May, 1930, had purchased the tract from the state, obtaining a state tax deed therefor. A portion of the land was cleared and cultivated by the said J. L. Clark during the year of this purchase. The widow and heirs continued this possession through appellee, C. M. Clark, their agent. Said possession was adverse, continuous and under color of title for a period of more than seven years.

The tax deed of appellant, Henrietta Haynes, from the St. Francis Levee District Board, as stated, bears date of November 2, 1936. The levee district board's title depended upon sales for taxes for the years 1921-1927, inclusive. The adverse possession of appellees, which the trial court found had ripened into title, being several years subsequent to the sales which were the basis of the levee board's title, it is immaterial whether said sales for levee taxes were valid or invalid as same were not good as against the subsequent adverse possession of appellees. We are of the opinion, as was the trial court, that the possession of appellee, C. M. Clark, being open, notorious, adverse, peaceable and continuous for more than seven years prior to the institution of the suit by appellants, and the said Clark, being the unofficial representative of the widow and heirs of the said J. L. Clark, deceased, his possession was their possession and that, in this trust relationship as agent of the widow and heirs, his possession ripened into title on behalf of said widow and heirs.

The judgment of the court that appellee, C. M. Clark, have and retain the possession of the tract of land involved in the suit, as agent of the remaining appellees, and that the appellants recover the sum of $359.92, with

interest at the rate of 6 per cent. per annum until paid, same being the amount of taxes and interest thereon paid by appellants in the purchase of the tract of land involved from the state of Arkansas and from the St. Francis Levee District Board, and awarding a lien on said tract to secure the payment of said amount, is hereby affirmed.