CLARK *v.* GRIDIRON.

5-98 257 S. W. 2d 561

Opinion delivered May 11, 1953.

Rehearing denied June 1, 1953.

*A. D. Chavis,* for appellant.

No appearance for appellee.

WARD, Justice. On May 30, 1951, appellant filed a complaint in ejectment against appellee, alleging: that he was the owner of lot 3, block 24 of Dorris Addition East to the City of Pine Bluff; that he acquired title to said property by a tax deed from the State of Arkansas in 1937; that he took possession under said deed and has held actual possession thereof for more than two years; that appellee, without title or authority, took possession of the property within the past three months; and that he was entitled to immediate possession. The prayer was to have appellee ejected, and all other proper relief. The answer was a general denial.

At the close of the trial the court instructed a verdict against appellant, and he has appealed. The only question for us to consider is whether the evidence warranted a submission to the jury.

*The Evidence.* The material evidence on the part of appellant is substantially as follows: A. D. Chavis

received a deed, with above description, from the State based on a previous forfeiture, by the same description, and on June 3rd of the same year Chavis quitclaimed the property, by same description, to appellant. Appellant says he took possession and kept it till dispossessed by appellee; that he never paid any taxes on the property because the collector wouldn't let him, and that he took out a fire insurance policy on the small house in 1950. It appears that appellant never lived on the property, but did rent it to J. H. Primm for about eighteen months in 1940 and 1941. On one occasion some people wanted to buy a right-of-way across the property and asked appellant about it. A Mr. Turner decided to stay in the house in 1950 so it could be insured.

On behalf of the defendant the evidence shows said block 24 is not laid off into lots on the official City Plat, nor is there anything of record to show where lot 3 is located. The plat shows block 24 to be irregular in shape, and the evidence shows it is crossed or bordered by a railroad track and a ravine. Appellant himself stated he did not know where lot 3 was located. The evidence further shows that appellee holds a deed to the land in block 24 by a metes and bounds description. The deed is from Vienna V. Thurmond and is dated May 4, 1948. Testimony was introduced to show that Vienna Thurmond and her relatives had claimed and occupied the land for many years previous to the time appellant acquired his deed. Appellee tore down the old house in January, 1951, and built a new one.

Under the above state of the record there is no substantial evidence to support appellant's claim. Under the well-established rule in ejectment suits appellant must stand on the strength of his own title and not on the weakness of appellee's title. See: *Beardsley* v. *Hill*, 77 Ark. 244, 91 S. W. 757; *Haynes* v. *Clark*, 196 Ark. 1127, 121 S. W. 2d 69, and *Knight* v. *Rogers*, 202 Ark. 590, 151 S. W. 2d 669.

The deed to appellant, as has been shown, contained a description that described no land that could be located from the county records or by any clue contained in the

deed, and was, therefore, ineffective to convey title. The law in this connection is so well established that citations are not necessary. We also note that appellant did not rely on seven years' adverse possession and therefore we do not consider whether the proof was sufficient to sustain such a plea had it been offered.

Affirmed.