RAY v. STROUD.

4-7236

177 S. W. 2d 929

Opinion delivered February 14, 1944.

*Smith & Judkins, S. L. Richardson* and *Blackford & Irby,* for appellant.

*W. E. Beloate,* for appellee.

KNOX, J. · This is a companion case to that of *Ray* v. *Stroud,* 204 Ark. 583, 163 S. W. 2d 173. That was an action in unlawful detainer involving right of possession, while this is one in ejectment to try title to the same tract of land. Parties in each action are the same. Stroud rented the land to Ray for each of the years, 1936, 1937 and 1938. The land forfeited to the state for taxes of 1932. State's title was confirmed in 1936 under proceedings brought in conformity with act 119 of 1935. Ray, the tenant, purchased state's title in March of 1938, and undertook to assert title thus acquired as defense in prior action of unlawful detainer. From an adverse holding of lower court on such issue, Ray appealed to this court, where in opinion cited *supra,* we recognized the general rule to be that where tenant is under no obligation to see that taxes are paid, and the leased land is forfeited for nonpayment thereof, such tenant may purchase such lands when offered at tax sale, and set up such title against his landlord. We denied Ray's right to assert his tax title as a defense in the prior case, however, because the evidence established a contract by which Ray recognized Stroud "as his landlord after having acquired the state's title." We held, therefore, that Ray must surrender possession to Stroud after which he "may seek to assert his title in ejectment or resort to equity. . . ."

On September 10, 1942, appellant obtained from R. B. Warner, who purported to act as attorney in fact for Village Creek Drainage District, a quitclaim deed to the land in controversy.

On the same day, to-wit: September 10, 1942, appellant, Ray, instituted this action in ejectment, basing his claim of title on both deeds—the state tax deed and the deed from Warner, attorney in fact for the drainage district.

By agreement the cause was submitted to the court sitting as a jury, which found the issues in favor of

appellee, Stroud, and against appellant, Ray, for the reasons as explained by the learned trial judge that: "There is considerable doubt in my mind whether plaintiff, Ray, ever obtained any valid title whatever to the land in question, and furthermore, in the case of *Ray* v. *Stroud,* 204 Ark. 583, 163 S. W. 2d 173, decided by the Supreme Court on June 22, 1942, which went up from this court, the said Ray was allowed all he had been out in way of improvements and taxes to get his deed from the state and he accepted same. I do not feel that he should have accepted the refund of the money he had been out from Stroud, as was done in that case, and now seek to maintain his title. If Ray is now permitted to prevail in this suit, he would get the land for nothing as Stroud has paid him really more than he, Ray, was out to get his deeds he now relies on."

Other facts appearing in the record will be set out in the opinion.

The findings of the trial court have the same effect as a verdict of jury, and will not be disturbed if there is in the record any evidence of a substantial character to support such findings.

There is such evidence supporting the finding that appellant agreed to and did accept from Stroud a refund of the money he had paid out to obtain the state tax deed. On this point appellee, Stroud, testified that in the fall of 1938, he and appellant entered into an agreement by which he would repay appellant $42, the amount paid out for the state deed, which sum appellant would deduct from the next year's rent; that since then appellant has had possession for three years, and that the annual crop rental amounted to at least $75 per year, no part of which has been paid by appellant to appellee. Appellant testified that after he acquired the state deed he told Stroud about it, "And he says: 'What are you going to do about it?' I said: 'Give me my money back and take.' He said: 'All right.' But he ain't give it yet."

Appellant admits that he had possession of the property for the years 1939, 1940 and 1941, during which time he paid no rent to appellee. There is substantial

evidence, therefore, to support the finding of the trial court that appellant agreed to accept, and has received a return of the money expended by him to acquire the tax deed.

Likewise, the record here presented fails to show that appellant acquired any title by deed from the attorney in fact for the Village Creek Drainage District. The district's claim of title appears to be founded on a proceeding had in the chancery court in 1934, seeking foreclosure of its lien and sale on account of default in payment of assessments due in 1928. The record here purports to contain certified copies of the foreclosure proceedings. Neither the deed to the district nor an order of the court confirming the sale appears in the record. No deed appearing there was not even *prima facie* evidence that title had passed to the district. Likewise, in the absence of an order of confirmation it must be taken that the sale was never confirmed, and, therefore, no title passed. *Allen* v. *Phillips*, 87 Ark. 185, 112 S. W. 403.

Affirmed.