Bowden *v.* St. Paul Fire & Marine
Insurance Company.

4-8639                     214 S. W. 2d 780

Opinion delivered November 8, 1948.

Rehearing denied December 6, 1948.

*L. A. Hardin,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

Robins, J. Appellants ask us to modify, by increasing the amount thereof, a judgment for them in the lower court in their suit against appellee to recover amount of damage by fire to their building insured against loss by fire under·policy issued by appellee.

In their complaint appellants alleged the issuance by appellee of policy of fire insurance for $20,000 on a brick store building situated at 1017-1023 West Seventh Street in Little Rock, and they averred that the cash value of the building before the fire, which occurred on March 11, 1947, was $25,000 and that after the fire it had no value. Appellee admitted issuance of the policy, the fire and consequent damage. Appellee also admitted that the cash value of the property before the fire was $25,000, but it alleged that it had a value in excess of $10,000 after the fire, making the amount of admitted liability under

the policy $15,000, which sum appellee offered to pay to plaintiffs; and appellee denied any liability in excess of this amount.

Before the trial appellee made a payment of $15,000 to appellants; so that thereafter the suit was in reality one to recover $5,000.

By agreement of the parties a jury was waived and the cause was submitted to the lower court sitting as a jury. The judgment recites that the parties made the following stipulation in open court: "(1) That under the terms and provisions of the insurance policy sued upon the defendant is liable to the plaintiff for eight-ninths (8/9ths) of the direct loss by fire to plaintiff's insured property; (2) that the direct loss by fire, is ascertainable by subtracting the actual cash value of the insured property after the fire from the actual cash value of the insured property before the fire; (3) that the insured property had an actual cash value of twenty-five thousand dollars before the fire; and (4) that the court is to determine from the pleadings, stipulations, agreements, testimony, evidence, and all matters and things before the court, the actual cash value of the insured property following the fire and then the loss and defendant's liability."

The lower court found that the insured property after the fire had a cash value of $6,250, which being deducted from $25,000, agreed value before the fire, established the loss thereon at $18,750, of which, under the stipulation, appellee was liable for $16,666.67. The sum of $15,000 had already been paid, leaving a balance of $1,666.67 and interest due, for which judgment was rendered in favor of appellants and against appellee.

The principal argument of appellants for reversal is that the proper method of arriving at the amount of damage in a case of this kind is to ascertain the amount necessary to repair the burned building and put it in as good condition as it was before, and that the proof in this case shows that a much larger sum than that fixed by the court as the damage would be required to repair appellants' building.

But, according to the recitals of the judgment of the lower court in this case, the parties to this litigation agreed on another method of ascertaining the damage and, of course, the lower court was warranted in following this agreement in arriving at the amount of the damage. Under this agreement the amount of the loss was to be ascertained by subtracting the actual cash value of the insured property after the fire from the actual cash value of the insured property before the fire. The lower court pursued this method, and, since the parties agreed on the value before the fire as being $25,000, the only inquiry here is whether there was any substantial evidence to support the lower court's finding that the property had an actual cash value of $6,250 after the fire.

The findings of a court sitting as a jury are as binding on us as the verdict of a jury. ''The findings of the trial court have the same effect as a verdict of [a] jury, and will not be disturbed if there is in the record any evidence of a substantial character to support such findings.'' *Ray* v. *Stroud,* 206 Ark. 838, 177 S. W. 2d 929.

An examination of the record in this case discloses that there was testimony to the effect that the value of the property after the fire was even more than that fixed by the court. One of the witnesses, who was a contractor, testified that, in his opinion, the property had a value of $15,000 to $18,000 after the fire. Since there was substantial testimony to support the finding of the lower court as to the value of the building after the fire, we may not disturb such finding.

The judgment appealed from is accordingly affirmed.